## MITCHELL et al. v. CITY OF TERRELL et al.

### No. 13337.

Court of Civil Appeals of Texas. Fort Worth.

May 29, 1936.

Rehearing Denied Sept. 11, 1936.

Charles Ashworth, of Kaufman, for appellants.

Morris Brin, of Terrell, and F. W. Bartlett, W. L. Thornton, and O. D. Montgomery, all of Dallas, for appellees.

DUNKLIN, Chief Justice.

Mrs. J. M. Mitchell and Mrs. C. A. Redway, who are the owners of a cer-

tain lot in the city of Terrell, have appealed from a judgment in favor of the Uvalde Construction Company on a certificate issued by the city of Terrell for improvements made on a public street of the city on which the lot abuts in accordance with ordinances adopted by the city council.

The defendants filed an answer, including a general denial and special defenses, consisting of allegations that the levy and assessment on which the improvement certificate sued on was issued, was void, because:

(a) The ordinances passed by the city made the basis for the assessment do not show that the same were passed by unanimous vote of the city commission and no record of such vote was made in the minutes of the commission, as required by the city charter.

(b) No notice was given to the property owners of the passing of the ordinance determining the necessity of the improvement, as required by the city charter, in that the notice given was signed by J. B. McGinty, chairman of the commission, instead of by the city secretary, as required by the charter and the ordinance.

(c) The ordinance authorized only three-fourths of the cost of the improvement to be levied on the abutting property, while the levy made was for the entire cost.

(d) The construction company failed to file any estimate of cost of improvement in front of defendants' property.

(e) The property was the homestead of defendant Mrs. J. M. Mitchell at the time of the levy of the assessment, and the certificate sued on was in excess of the benefits accruing thereon.

The trial was before a jury, whose findings, in conjunction with a supplemental finding by the trial court, were adverse to the defense of homestead. They further found that the sum of $50 was a reasonable attorney's fee for prosecuting the suit by the construction company.

The trial court made further findings that the assessment made was a valid lien on the property in controversy as alleged in plaintiffs' pleadings and fixed the amount chargeable against it and rendered judgment therefor in favor of the construction company.

The city of Terrell was granted a special charter by the Acts of the Legislature, which became effective March 20, 1911.

The following agreement of counsel made on the trial of the case appears in the record here: "It is agreed by the parties to the suit that the City of Terrell, Texas, adopted the provisions of chapter 106 of the General Laws of the State of Texas passed at the First Called Session of the 40th Legislature [Vernon's Ann.Civ.St. art. 1105b], all as alleged in Paragraph 1 in the plaintiffs' petition. It is further agreed that the provisions of that Act were made a part of the charter of the City of Terrell."

Section 5 of article 5 of the Special Charter of the city granted by Act of the Legislature of 1911, Local and Special Laws, c. 51, p. 513, provides that passage of ordinances in cases of emergency must be by unanimous vote of the commission. Section 6 provides that the aye and nay vote shall be taken on the final passage of all ordinances and resolutions and entered upon the minutes by the city secretary.

By three assignments of error complaint is made of the court's refusal to grant appellants' motion for an instructed verdict in their favor:

First, because the minutes of the commission do not show that the ordinance levying and assessing the tax for the street improvement was passed by unanimous vote.

Second, because the city secretary did not record such vote in the minutes as required by the city charter.

Third, because the notice to property owners of the hearing was not signed by the city secretary but by the chairman of the commission.

Appellants did not request the submission to the jury of any of those issues and none was submitted by the court. But those assignments are upon the theory that those defenses were conclusively established by the evidence. Appellants did request submission of the issue whether the ordinances were in fact passed by unanimous vote, which is a different question, but no assignment is presented to the refusal of that request, in the absence of which the proposition presenting the objection cannot be considered.

Furthermore, it was proven by the uncontradicted testimony of Joe La Roe, one of the commissioners, that the ordinance was passed by unanimous vote of the commission, and his testimony was competent proof of that fact, in the absence of any contrary showing in the minutes. Yorktown Independent School Dist. v. Afflerbach (Tex.Com.App.) 12 S.W.(2d) 130, and decisions therein cited; Houston, E. & W. Ry. Co. v. Cavanaugh (Tex.Civ. App.) 173 S.W. 619; 2 Dillon on Municipal Corporations, § 557; City of Weslaco v. Porter (C.C.A.) 56 F.(2d) 6.

Chapter 106, page 489, of the Acts of the First Called Session of the 40th Legislature in 1927, Vernon's Ann.Civ.St. art. 1105b, §§ 1–15, purports to cover the whole procedure for fixing assessments on property abutting a street, including notice of assessments to be given property owners and of the issuance of improvement certificates. Section 3 gives to the governing body of the city power to order improvement of city streets and to assess a part of the expense against abutting property. Section 6 provides for the issuance of improvement certificates for the cost of paving in front of abutting property as against its owner and fixes a lien thereon for such cost. It further provides that recitals in the certificate that the proceedings with reference to making the improvements have been in compliance with the requirements of the law shall be prima facie evidence of those facts, without further proof. Section 9 provides for issuance of notice to property owners to be by advertisement· in a newspaper in the county three times and prescribing what such notices shall show, followed by a provision that when such notice has been so published, then *"such notice shall be sufficient, valid and binding upon all owning or claiming such abutting property,"* (italics ours) with the right to property owners to appear before the commission and contest the validity of any and all the proceedings taken by the commission; with the further right to appeal therefrom by instituting suit for that purpose in any court having jurisdiction within 15 days from the time the assessment is levied; further providing that failure to so appeal shall constitute a waiver of every matter which might have been urged at such hearing, and the owners "shall be barred and estopped from in any manner contesting or questioning such assessment, the amount,

accuracy, validity, regularity and sufficiency thereof, and of the proceedings and contract with reference thereto and with reference to such improvements for or on account of any matter whatsoever. And the only defense to any such assessment in any suit to enforce the same shall be that the notice of hearing was not published or did not contain the substance of one or more of the requisites therefor herein prescribed, or that the assessments exceed the amount of the estimate, and no words or acts of any officer or employee of the city, or member of any governing body of the city, other than the action of the governing body shown in its written proceedings and records shall in any way affect the force and effect of the provisions of this Act."

Section 12: "Said governing body shall have power to carry out all the terms and provisions of this Act and to exercise all the powers thereof, either by resolution, motion, order or ordinance, except where ordinance is specifically prescribed, and such governing body shall have power to adopt, either by resolution or ordinance, any and all rules or regulations appropriate to the exercise of such powers, the method and manner of ordering and holding such hearings, and the giving of notices thereof."

Section 17: "The fact that the present laws relating to the making and construction of street improvements and assessments therefor by such cities, and relating to charter provisions and amendments on such subjects, are inadequate and indefinite, and the fact that such improvements are urgently needed and many cities and citizens thereof are anxious to obtain the benefits of this· Act, create an emergency and an imperative public necessity requiring the suspension of the constitutional rule requiring the reading of bills on three several days in each House, and said rule is hereby suspended and this Act shall take effect from and after its passage, and it is so enacted." Laws 1927, 1st Called Sess. c. 106.

We believe it clear that those provisions of the act which became a part of the city charter superseded and impliedly repealed sections 5 and 6 of article 5 of the Special Charter theretofore granted in the year 1911. And the· record shows that the proceedings of the city commission here under review were all taken after the provisions of that Act

of the 40th Legislature which were adopted as a part of the city charter and pursuant thereto. Hinton v. Uvalde Paving Co. (Tex.Civ.App.) 77 S.W.(2d) 733 (writ refused); Huff v. City of Wichita Falls, 121 Tex. 281, 48 S.W.(2d) 580. See, also, 10 Tex.Jur.. § 52, p. 110, § 55, p. 114, and decisions there cited.

In Yett v. Cook, 115 Tex. 205, 281 S.W. 837, 841, our Supreme Court, in opinion by Chief Justice Cureton, said: "An elementary rule of construction is that, when a law is amended, effect must be given to the amended law in a manner consistent with the amendment. Wilson v. Vick, 93 Tex. 88, 53 S.W. 576; Burgess v. Hargrove, 64 Tex. 110; Jessee v. De Shong (Tex.Civ.App.) 105 S.W. 1011; Fire Association v. Love, 101 Tex. 376, 382, 108 S.W. 158, 810; San Antonio, etc., Ry. Co. v. S. W. Tel. Co., 93 Tex. 313, 55 S.W. 117, 49 L.R.A. 459, 77 Am. St.Rep. 884; Etter v. Mo. Pac. Ry. Co., 2 Willson, Civ.Cas.Ct.App. § 58; 25 Ruling Case Law, pp. 1050, 1051, § 276; City and County of Denver v. New York Trust Co., 229 U.S. 123, 145, 33 S.Ct. 657, 57 L.Ed. 1101."

To hold that the provisions of the act granting a special charter, relied on here, should be given controlling effect in this case, would be to ignore and set at naught many of the provisions of the Act of the 40th Legislature, and particularly the quoted provisions of section 9 with respect to the binding effect of notice given in accordance with the provisions of that section, waiver and estoppel.

The assessment in controversy was levied on November 21, 1929, and no appeal was taken therefrom within the time fixed by section 9 of the act, and the first contest thereof urged by appellants was in their answer to this suit, which was instituted on July 9, 1932, and appellants' answer to the suit contains no allegation that their failure to prosecute such appeal was induced by fraud of the city or holder of the certificate, nor is any other excuse offered for such failure.

Furthermore, the certificate sued on embodies the recitals mentioned in section 6 with reference to what had been done as a basis for its issuance, and under provision of section 9 the burden was then upon appellants to overcome the prima facie case made out by appellees.

It follows, therefore, that the numerous authorities relied on by appellants announcing the familiar rule that the charter provisions of a city prescribing the necessary steps to fix an assessment on property for a street improvement are jurisdictional, and that an assessment made without a strict compliance therewith is void, have no application here.

Accordingly, all assignments of error are overruled, and the judgment is affirmed.