**MITCHELL et al. v. CITY OF TERRELL et al.**

**No. 11992.**

Court of Civil Appeals of Texas. Dallas.

June 27, 1936.

Rehearing Denied Sept. 19, 1936.

Chas. Ashworth, of Kaufman, for appellants.

Morris Brin, of Terrell, and Bartlett, Thornton & Montgomery, of Dallas, for appellees.

BOND, Justice.

The city of Terrell instituted this suit against Mrs. J. M. Mitchell, a feme sole, and Mrs. C. H. Redway and husband, for the use and benefit of Uvalde Construction Company, upon a paving certificate.

The certificate sued on recites that all the proceedings with reference to making of the improvements on a street on which appellants' property abuts, were regular and in compliance with the law and charter of the city of Terrell; that all prerequisites to the fixing of the lien and a personal liability evidenced by said certificate had been performed; and that the improvements had been completed by the Uvalde Construction Company and accepted by the city.

The Uvalde Construction Company intervened in the suit, setting up that it was the owner and holder of the certificate, and entitled to enforce the collection of same in its own name, and specifically adopted the plaintiff's petition in toto.

Appellants' primary contentions are: (1) That the certificate is void for the reason that no valid ordinance was passed by the city of Terrell as a basis for a legal paving assessment, in that, all ordinances were passed under an emergency, and the minute book of the city fails to show that such ordinances were passed by unanimous vote of the city commission and the vote recorded, as required by the charter of the city; and (2) that no notice was given to the property owners, in that, the notice published was signed by the chairman of the commission instead of by the city secretary. Appellants raised no contention, either in pleadings or proof, that the ordinances complained of were not actually passed by unanimous vote of the city commission, or that the plaintiffs did not have notice of the contemplated improvements on the street on which appellants' property abuts, or that a notice was not published in the manner required by the charter of the city. The contentions are based solely on the nondisclosure of the minutes as to the vote on the ordinances, and that the city secretary, attesting the notice signed by the chairman of the commission, was not sufficient notice to confer jurisdiction on the commission to act in the premises.

The city of Terrell was granted a special charter by the acts of the Legislature (chapter 51, Local and Special Laws, 32d Legislature, in 1911); and, previous to the beginning of the improvements out of which the controversy resulting in this suit arose, the city of Terrell had adopted the provisions of chapter 106 of the General Laws of the State of Texas, passed at the First Called Session of the 40th Legislature, in 1927 (Vernon's Ann.Civ.St. art. 1105b).

It will be observed the Special Charter, §§ 5 and 6, art. 5, of the city of Terrell, in dealing with the passage of ordinances generally by the city commission, provide, in effect, that no ordinance shall be passed in cases of emergency except by unanimous vote of the commission, and that the aye and nay vote shall be taken on final passage and entered upon the minutes by the city secre-

tary; and that sections 1 to 16, art. 29, make complete special provisions for street improvements, and the procedure for carrying the improvements to effect.

The record shows that, in recording the proceedings under which the certificate involved here was issued, the city secretary did not record in the minutes the aye and nay vote taken on the passage of the various ordinances, and the minutes do not show affirmatively that the ordinances and resolutions were passed by a unanimous vote of the commission. However, appellees offered, over appellants' objection, proof aliunde that all ordinances and resolutions pertaining to the improvements were actually passed by a unanimous vote, and that there is nothing in the record to the contrary.

By the act of 1927, supra (Vernon's Ann. Civ.St. art. 1105b), the power to levy assessments for street improvements is conferred on the governing body of the city. It is a law complete within itself as to the manner and mode of procedure for the enactment and passage of ordinances and resolutions pertaining to street improvements; and, in adopting that law by the city of Terrell, the provisions thereof supersede the provisions of the special charter providing for the passage of ordinances generally (sections 5 and 6, art. 5), and the paving provisions therein stated (sections 1 to 16, art. 29). This adopted statute carries the whole procedure for fixing assessments by the city on property abutting on the street improved; also, the kind of notice to be given property owners, and of the issuance of the certificates. The governing body is therein granted the power to order street improvements and assess benefits against abutting property owners and to issue paving certificates to recite that the proceedings with reference to making the improvements have been had in compliance with the requirements of the law, and the certificate shall be prima facie evidence of the facts therein contained; and that the governing body shall issue notice to property owners by advertisement in a newspaper, etc., which "shall be sufficient, valid and binding upon all owning or claiming such abutting property." Vernon's Ann.Civ.St. art. 1105b, § 9. This statute (article 1105b, § 12) further specifically provides: "Sec. 12. Said governing body shall have power to carry out all the terms and provisions of this Act and to exercise all the powers thereof, either by resolution, motion, order or ordinance, except where ordinance is specifically prescribed, and such governing body shall have power to adopt, either by resolution or ordinance, any and all rules or regulations appropriate to the exercise of such powers, the method and manner of ordering and holding such hearings, and the giving of notices thereof."

This statute being complete within itself, we think the ordinances and resolutions enacted pursuant thereto and independently of other charter provisions could be passed by a majority of the members of the commission present and voting. Therefore, the provisions of the charter, as to the passage of ordinances and the recording of the votes in the minutes generally, have no application to the special procedure statute enacted for street improvements. It is clear, we think, that the provisions of this act, which became a part of the city charter, supersede sections 5 and 6 of article 5, and sections 1 to 16, art. 29, of the Special Charter, granted in the year 1911, and, where any provision of the original charter is in conflict with the adopted act, that the act impliedly repeals such charter provisions. The record shows that all the proceedings effecting the certificate here involved were had by the governing body of the city of Terrell under the adopted act; and that the notice was published by the governing body through its chairman, attested by the city secretary. That the proceedings were regular and that appellants had notice of the contemplated improvements, there is no question.

The identical questions here raised were before the Fort Worth Court of Civil Appeals, in the case of Mitchell et al. v. City of Terrell et al., 96 S.W.(2d) 556, decided May 29, 1936. That case is a companion case to the instant case, involving the same parties, the same proceedings of the city of Terrell, and the same contentions as here presented. That court, in an able opinion by Chief Justice Dunklin, citing numerous cases bearing upon the points raised and reviewed, overruled all of appellants' contentions in that case. We are in accord with the logical reasons given and authorities cited, and consider the same as controlling authority in our disposition of this appeal.

We are of the opinion that this case should be affirmed; accordingly, appellants' assignments are overruled, and the judgment of the lower court is affirmed.

Affirmed.