## DAVIS v. GRAY.

### No. 12082.

Court of Civil Appeals of Texas. Dallas.

Jan. 30, 1937.

Rehearing Denied March 13, 1937.

H. D. Payne, of Floydada, for appellant.

F. W. Bartlett and Thornton & Montgomery, all of Dallas, for appellee.

JONES, Chief Justice.

Appellee, Claude C. Gray, trustee, instituted this suit in a district court of Dallas county against appellant, Lon M. Davis, using the trade name of Davis Gin Company, to recover an alleged indebtedness for paving that portion of Main street in

the city of Floydada, a municipal corporation, on which appellant's property abutted. The case was tried before the court and resulted in a personal judgment in favor of appellee against appellant, and against appellee as to the foreclosure of the alleged lien. The appeal has been duly perfected to this court and the necessary facts are:

In August, 1928, the city of Floydada declared, by resolution of its city council, the necessity for paving a portion of certain of its streets, including that portion of Main street on which appellant's property abuts. L. H. Lacy & Co. entered into a contract with said city to do the paving determined upon, under the terms therein specified. All of the steps necessary to be taken, to create a personal indebtedness and fix a lien on the abutting properties that were subject to such lien, were taken by the city, and an ordinance levying a special assessment tax against abutting property owners was adopted. However, the minutes of the various meetings of the said city's governing body do not disclose that any resolution or ordinance, necessary to create a lien and fix a personal indebtedness, was adopted by the two-thirds vote required by article 1082, R.C.S.1925. The parties agreed that the city of Floydada adopted the paving laws of 1909 (Acts 1909, 2d Called Sess. c. 14, p. 402 [Vernon's Ann.Civ.St. art. 1086 et seq.]) by an election held in said city in 1925; that such laws now and at all times since have been in force and effect in said city; and that the paving law, known as the Paving Law of 1927, chapter 106, adopted at the First Called Session of the 40th Legislature (Vernon's Ann.Civ. St. art. 1105b), has never been adopted by the voters of the city of Floydada, nor by a resolution of the city council.

So, the Paving Law of 1909, requiring a two-thirds vote before a resolution of the city council, declaring the necessity of a street improvement, can be adopted was in force in such city, and the Paving Law of 1927, having no requirement for the adoption of such resolution by a two-thirds vote of the city council, was not in force. This latter law, by its terms, does not repeal any of the existing improvement laws of this state, but is made cumulative or alternate to the then existing law. Because of this failure of the city of Floydada to adopt the Paving Law of 1927, such paving law cannot be appealed to in this case. The case of Mitchell et al. v. City of Terrell et al., by the Fort Worth Court of Civil Ap-

peals, 96 S.W.(2d) 556, and the case of Mitchell et al. v. City of Terrell et al., by this court, 96 S.W.(2d) 801, both of which cases the Supreme Court denied a writ of error, cannot control in this case, for the reason that the city of Terrell had adopted the Paving Law of 1927. These cases hold that the record of the city council does not have to disclose affirmatively that the necessary resolutions and ordinances were adopted by a two-thirds vote. The case of Reagan v. Murray, by the Court of Civil Appeals at Amarillo, 74 S.W.(2d) 314, would be considered controlling authority in this case, as to the validity of the paving certificate, were it not for the fact that the Supreme Court granted a writ of error in that case. That case arose under a similar record to this case, except it is not shown in such reported case that the defendant had executed a mechanic's lien contract.

The city issued to the contractor the statutory paving certificate on November 26, 1928, which contains all of the necessary recitals to make it prima facie evidence of the creation of appellant's indebtedness for paving.

This record discloses that the city of Floydada attempted to create a statutory indebtedness and lien to pay that portion of the cost of paving to be assessed against the abutting property owners. Under the holding in the case of Reagan v. Murray, supra, the city failed to do so, for the reason that the minutes of the city council do not affirmatively show that the necessary resolution and ordinances to fix such indebtedness were passed by a two-thirds vote of the city council. The minutes of each meeting, however, do show that the five aldermen with the mayor, constituting the city's governing body, were present at each respective meeting, and that the motion to adopt a resolution declaring the necessity for street improvements, as well as the motion making the assessment against the abutting property owners, was carried. Whether under the facts of this case there can be indulged the presumption that the respective motions were carried by the statutory majority of two-thirds vote, we do not find it necessary to consider, and we dismiss from consideration the attempted creation of a statutory indebtedness in this case; for, under our view of the case, the judgment entered does not depend upon a determination of such question.

This record further discloses that appellant, when he executed what purported

to be a mechanic's lien contract against his property, created by such contract the identical indebtedness which the City attempted to create. In this purported mechanic's lien, appellant contracted that "* * * in consideration of paving as per specifications on file in the City Engineer's office, and constructing curbs and gutters upon premises in said street, do agree to pay L. H. Lacy Company the sum of $1,397.80." This contract provides for payment of the paving debt in ten annual installments, with interest from date of acceptance of the improvements by the city, at 8 per cent. per annum, payable annually, and for accelerated maturity in case of default in the payment of any installment, and for a reasonable attorney's fee. The payment of the installments in this contract is the same as to amount and date, when each installment became due, as that provided by the statutory contract the city attempted to create.

It will be noted that the consideration for the making of this contract was not that the city would create by resolution and ordinances a valid indebtedness against appellant, but was that the paving should be done according to the specifications on file in the city engineer's office, and that the curbs and gutters would be constructed. This plainly appears from this quotation from the contract: "Any error or invalidity in any proceedings of this City with reference to making said improvements, or assessing the cost thereof, * * * are hereby waived." Again, the contract declares: "In consideration that said City shall make said improvements in said street upon said premises and to secure payment of said street upon said premises and to secure payment of said above amount I do hereby agree to pay the indebtedness evidenced herein and mortgage said premises to said L. H. Lacy Co. * * *" There is thus evidenced a binding contract to pay the indebtedness of $1,397.80 in the manner provided for by said contract. The undisputed testimony shows that the paving was laid and the curbing and guttering were constructed and accepted by said City, as a performance of the contract.

■ This mechanic's lien contract failed to fix any lien against the property, because the instrument evidencing it was only signed and acknowledged by appellant; and as the evidence shows that appellant was a married man, living with his wife and family at the time the contract was executed, and further shows that the property in question was appellant's business homestead, the failure of appellant's wife to sign and acknowledge the instrument was fatal to the validity of the lien, and the court correctly denied foreclosure of the lien attempted to be created; but the failure of the mechanic's lien to fix a lien was only a part of the written contract and did not affect the validity of the personal indebtedness that appellant contracted to pay for the enhancement of the value of his property by the paving.

■ The undisputed evidence shows that appellant defaulted in the payment of the fourth installment, and that the owners of the paving certificate and appellant's contract indebtedness exercised the option given, both in the paving certificate and the mechanic's lien contract to declare all of the installments due and payable. In order to prevent an immediate suit on the indebtedness, appellant agreed with the then owner of the indebtedness, on January 2, 1933, to a five-year extension of the unpaid installments, and the parties also agreed that the 8 per cent. interest allowed in the original contract should be reduced to 6 per cent., both for past and future interest.

In this extension agreement, appellant acknowledged and affirmed the validity and regularity, both of the special assessment levied by the city council and the contract he entered into with the paving contractor; and again declares that he waived all errors, omissions, irregularities, and invalidities therein. This extension contract was duly signed and acknowledged by appellant.

Appellee, by proper allegations, alleged a cause of action, against appellant, both upon the paving certificate and upon the mechanic's lien contract; also pleaded the renewal contract. Appellant's main defense was against the suit on the paving certificate and the validity of the statutory indebtedness attempted to be created by the city. Against the validity of such indebtedness, he levels a number of assignments and propositions of law, which, because of the view we take of the case, we do not deem necessary to discuss. In our opinion, the contract indebtedness, created September 14, 1928, and renewed and extended January 2, 1933, warrants the rendition of the judgment entered by the trial court. This judgment is in the sum of $1,511.30, which includes the interest at the time of the trial and the unpaid balance on the principal, and $250 as a reasonable attorney fee. The judgment allows 8 per cent. interest from date, while the extension agreement only allows 6 per

cent. interest, and the judgment is reformed so as to allow 6 per cent. interest.

It necessarily follows that, in our opinion, the judgment should be reformed to reduce the interest on the judgment from 8 per cent. to 6 per cent., and as reformed should be affirmed, and it is so ordered.

Reformed and affirmed.

On Rehearing.

Since the original opinion was filed by this court, the Supreme Court [102 S.W. (2d) 202] has passed upon a writ of error in the case of Reagan v. Murray, 74 S.W. (2d) 314, reversing the Court of Civil Appeals and affirming the trial court, holding that the Paving Law of 1927 applied to the Reagan v. Murray Case. It will be noted that, in the reported case, the trial court applied the law of 1927 to such case and the Court of Civil Appeals reversed and remanded the judgment of the trial court, for the reason that, in the opinion of such court, the 1927 Paving Law did not apply, having never been adopted by the city of Floydada, either by resolution of the city council or by the qualified voters of said city. Because of the opinion of the Court of Civil Appeals, as stated in the original opinion herein, this court did not pass upon the validity of the paving certificate in the instant case, but decided the case on the mechanic's lien contract entered into by appellant. Appellee has filed a motion for rehearing, again insisting that the case should also be decided under the terms of the 1927 Paving Law. Under the opinion of the Supreme Court, in the Reagan v. Murray Case, supra, this ground is well taken. The latter case involved paving contracts in the city of Floydada on a record similar to the instant case in respect to the validity of the paving certificate.

The differenece between the old Paving Law of 1909 and the Paving Law of 1927, so far as it affects this case, is that, in the later act, the necessary paving resolutions and ordinances creating the debt and lien against an abutting property owner do not have to be passed by a two-thirds vote of the city council, as required in the 1909 Paving Law. In the instant case, under the authority of the Reagan v. Murray Case, as decided by the Supreme Court, the Paving Law of 1927 applies and, as an additional ground for affirming the judgment of the lower court, we hold that the paving certificate represented a valid indebtedness owing to appellee by appellant.

Appellee's motion for rehearing is granted, in respect to the validity of the paving certificate, and appellant's motion for rehearing is overruled.