## HILTON et ux. v. GRAY.
### No. 12083.

Court of Civil Appeals of Texas. Dallas.
Jan. 30, 1937.

Rehearing Denied March 13, 1937.

H. D. Payne, of Floydada, for appellants.

F. W. Bartlett and Thornton & Montgomery, all of Dallas, for appellee.

JONES, Chief Justice:

In a suit filed in a district court of Dallas county, Claude C. Gray, trustee, appellee, recovered a personal judgment against appellant, Warnie H. Hilton, in the sum of $1,266, of which $931.20 is principal and $134.80 is accrued interest since January 1, 1933, and $200 as a reasonable attorney fee, with interest at the rate of 6 per cent. per annum from date of judgment; and also a judgment of foreclosure against said appellant and wife, Lola Belle Hilton, on certain described land in the city of Floydada, Floyd county, Tex., to secure a lien for the indebtedness. Appellants duly perfected an appeal.

Although filed as a separate suit, this is a companion suit to Davis v. Gray, 103 S.W.

(2d) 999, this day decided in favor of appellee. The only difference between the two suits is the amount of the paving debt, created by a valid mechanic's lien contract, for the cost of paving in front of appellant's property on California street, in the city of Floydada—in that, while in the former suit a mechanic's lien contract was deficient, because the wife, a defendant in that suit, did not sign and acknowledge the mechanic's lien, the property being the business homestead of the defendant, and no judgment of foreclosure was awarded; while in the instant suit, the wife, Lola Belle Hilton, signed and acknowledged such instrument.

The facts in both suits are the same, except as to dates and the amounts of indebtedness. For a statement of necessary facts, we refer to the opinion in such companion suit, and also for the reasons which moved this court to affirm the judgment of the lower court.

Affirmed.

### On Rehearing.

This is a companion case to that of Davis v. Gray, on which we have this day written on a motion for rehearing. We adopt, in the instant case, the opinion on rehearing written in the former case, with the addition that, in the instant case, the paving certificate represents both a valid debt and a valid lien on the abutting property of appellants.

The motion for rehearing is granted, in respect to the validity of the paving lien, and the indebtedness as shown by the paving certificate issued to the contractor; the motion for rehearing by appellant is overruled.

Motion overruled.