### BREWER v. GRAY.

No. 12084.

Court of Civil Appeals of Texas. Dallas.

March 13, 1937.

Rehearing Denied April 10, 1937.

H. D. Payne, of Floydada, for appellant.

F. W. Bartlett and Thornton & Montgomery, all of Dallas, for appellee.

JONES, Chief Justice.

The former opinion in this case, delivered January 30, 1937, and filed February 1, 1937, is withdrawn and this opinion substituted in lieu thereof. On motion for rehearing, appellant has called our attention to the fact that we were in error in stating that appellant executed a mechanic's lien contract in the instant case, and as the former opinion adopted the statement of the case of Davis v. Gray (Tex.Civ.App.) 103 S.W.(2d) 999, decided at the same time, which opinion was based upon the existence of a mechanic's lien contract, the reasoning in the Davis Case is not controlling in this case, hence the withdrawal of the former opinion.

Appellee, Claude C. Gray, trustee, recovered judgment in a district court of Dallas county, in a suit against appellant, J. R. Brewer, in the sum of $947.68, being the balance due for paving a portion of California street in the city of Floydada, Floyd county, Tex., and $250 attorney fee, together with foreclosure of a lien on the land described. Except as to the fact that, in the instant suit, the land in question was not impressed with any homestead right, that no mechanic's lien contract was executed by

appellant, a difference in the amount of the debt, and the difference in the description of the land involved, the facts of this case are the same as the facts in the case of Davis v. Gray, decided January 30, 1937.

We adopt the statement of the Davis Case, in respect to the resolutions and ordinances adopted, declaring the necessity of the paving and attempting to fix the lien against appellee's property, and to create the personal indebtedness of $947.68 against appellee.

The city of Floydada issued a paving certificate to the contractor for paving, containing the necessary recitals to make same prima facie proof of the creation of the lien and indebtedness mentioned in such certificate, and appellee is the owner and holder of same and authorized to bring this suit. Appellant makes the same attack on the validity of the lien and indebtedness evidenced by the paving certificate as was made and described in the opinion of Davis v. Gray, but the reasons stated in the Davis Case, for not passing upon the issue as to the validity of the paving certificate, no longer exist, because of the decision of the Supreme Court in the case of Murray v. Reagan, 102 S.W.(2d) 202, not yet reported [in State report].

■ The petition of appellee sufficiently alleges the passage of the resolutions and ordinances fixing the personal liability against the defendant for the paving in question, and the fixing of a lien against the described real estate abutting on the said improved street, the completion of the paving according to contract, and its acceptance by the city, the issuance of the paving certificate declared upon in the suit, and the ownership of appellee of such certificate.

The evidence clearly established these allegations, provided the necessary resolution and ordinances, to fix the personal indebtedness and lien, are valid. The paving law of this state prior to the enactment in 1927 of chapter 106, First Called Session of the 40th Legislature (Vernon's Ann.Civ.St. art. 1105b), required the adoption by a two-thirds vote of the governing body of the city, legally to enact resolutions and ordinances fixing a personal indebtedness and a lien on abutting property against the owner (Vernon's Ann.Civ.St. art. 1082). The said Act of 1927 does not require a two-thirds majority of the governing body of the city to fix such personal indebtedness and lien.

As the city council had not, by resolution of such governing body or by vote of the qualified voters of such city, adopted the 1927 Paving Act, the court of Civil Appeals at Amarillo, in the case of Reagan v. Murray, 74 S.W.(2d) 314, a case growing out of the same character of improvement in the city of Floydada, held that the 1927 Paving Act did not apply and reversed the judgment in favor of the plaintiff in that suit, because the record did not affirmatively show that the necessary resolutions and ordinances were adopted by the two-thirds majority of the city council, required by the 1909 Paving Act. The Supreme Court granted a writ of error in said case, and in a very recent decision, handed down since the original opinion was written in this case, reversed the Amarillo Court and affirmed the trial court, holding that the 1927 Act applied, and that a paving certificate, under such act, regardless of whether the necessary ordinances and resolutions were adopted by the two-thirds majority of the city council, is valid. As the facts in the case of Reagan v. Murray, supra, growing out of the same paving contracts in the city of Floydada, appear to be substantially the same as the facts in the instant case, we hold that the paving certificate issued against appellant and his abutting property represents a valid lien and indebtedness against him, and that the trial court did not err in the personal judgment rendered, and in foreclosing the paving lien upon appellant's abutting property.

■ Appellee, in his petition, not only alleged the issuance of the paving certificate, the indebtedness, and lien shown thereby to exist, but also sought a recovery and foreclosure on an extension agreement by the parties. Appellee alleged that appellant defaulted in the payment of the third installment of the indebtedness created by the paving certificate, and that this extension agreement was entered into between the owner of the indebtedness and appellant, whereby it was agreed by the said parties that the indebtedness shall be extended for a period of five years, and the rate of interest reduced from 8 per cent. to 6 per cent., both for past-due indebtedness and future indebtedness, and that appellant agreed that all sums due and to become due thereunder was secured by a lien upon the lands described in the petition; that this extension contract was in writing, signed and acknowledged by appellant. It was also alleged, in respect to this extension agreement, that the rights given by it were cumu-

lative and in addition to the other rights existing under the said paving certificate.

This extension agreement was introduced in evidence, and, among other things, recites that: "It has been. agreed between the parties that said indebtedness shall be renewed and extended for a period of five years, charging six per cent simple interest in the future * * *." The extension agreement then sets out the indebtedness due, the time to which said indebtedness was extended, giving an option to the owner and ·holder of the extension contract to declare the entire amount unpaid at the time of any default, due and payable, and creates an independent lien upon the said premises to secure the extension agreement. It further declares that, "it being understood that the rights, titles, liens and obligations of this instrument were cumulative of said assessment contract and we do hereby acknowledge and affirm the validity and regularity of said contract, and all proceedings with reference to said improvements, and do hereby waive all errors, omissions, irregularities and invalidities therein." This extension contract was executed by appellant on January 2, 1933. It was duly acknowledged by appellant on April 15, 1933, and properly filed for record July 24, 1933. No installments were paid under the extension agreement and the entire indebtedness was declared due by appellee.

The undisputed evidence shows that the paving improvement was completed and accepted by the city of Floydada. Independent of any effort by the city of Floydada to create the statutory indebtedness and lien against appellant and his abutting property, appellant created by this extension agreement a lien on his property involved in this suit for the payment of the indebtedness. This extension agreement is supported by a valid consideration, in that, the rate of interest was reduced, a debt which had matured was extended for a long period of time, and appellant had received the benefit of the street improvement and the enhancement in value of his property. Without respect to any other lien than that created by the extension agreement, we hold it to be sufficient to sustain the judgment entered by the trial court and affirm the judgment.

As this opinion is based upon an entirely different state of facts, as was the former opinion, and as such opinion is withdrawn, appellant has fifteen days in which to file ·a motion for rehearing.

Affirmed.