NELLA T. EVANS V. J. C. WHICKER ET AL. (LUBBOCK NATIONAL BANK).

No. 6562. Decided January 29, 1936.
Rehearing overruled February 19, 1936.
(90 S. W., 2d Series, 554.)

*White, Taylor & Gardner,* of Austin, for plaintiff in error.

The certificates having met all the requirements of the law they made out a prima facie case of plaintiff's right to recover thereon, and no further proof was required. Herring v. City of Mexia, 290 S. W., 792; West Texas Const Co. v. Whitefield, 53 S. W. (2d) 832; McCarthy v. City of Denison, 262 S. W., 830.

*Robt. A. Sowder, Vickers & Campbell,* all of Lubbock, and *E. A. Bills,* of Littlefield, for defendants in error.

It was error for the Court of Civil Appeals to hold that an assessment for street improvements was a tax within the meaning of the Bankruptcy Act, and that when property was sold by trustee subject to taxes, an assessment for paving thereon was saved and remained a lien on the property. State of New Jersey v. Anderson, 203 U. S., 483, 51 L. Ed., 287.

MR. JUSTICE CRITZ delivered the opinion of the court.

This suit was filed in the District Court of Lamb County, Texas, by Mrs. Nella T. Evans, a feme sole, against J. C. Whicker and Lubbock National Bank to recover the amount due upon five paving certificates which had been issued by the City of Littlefield, a municipal corporation, to Dozier Construction Company to cover the pro rata cost of paving in front of five lots of land in said city, and to foreclose the assessment liens upon such lots. Mrs. Evans is the assignee of Dozier Construction Company. J. C. Whicker was the owner of the five lots at the time the certificates here involved were issued, and at the time the liens securing same were fixed. No homestead qustion is involved. The first of such certificates is for $206.40 and bears date December 21, 1928. The other four certificates are each for the sum of $137.48 and bear date January 4,

1929. All such certificates bear 8 per cent. interest from date and provide for reasonable attorney's fees.

It appears that prior to the issuance of these certificates the Lubbock National Bank acquired a valid deed of trust on these lots, and such deed of trust was duly recorded in Lamb County at the time these certificates were issued, and we will presume at the time the liens securing them were fixed.

It appears that J. C. Whicker filed his voluntary petition in bankruptcy in the proper U. S. District Court, and listed these five lots as a part of his assets. The bank was listed as a creditor, but neither Mrs. Evans nor the Dozier Construction Company was so listed. The bank proved its indebtedness in the bankruptcy proceeding as a secured claim. Mrs. Evans did not prove her claim and took no part in the bankruptcy proceeding. This is also true as to the Dozier Construction Company. We make no statement as to whether Mrs. Evans or the Dozier Construction Company had notice of the bankruptcy proceeding, as to our minds such matter is immaterial. Whicker has been duly discharged in bankruptcy.

It further appears from the record that these lots were sold by the trustee in bankruptcy to the Lubbock National Bank for a consideration of "$1775.55 cash, to be credited upon the secured claim of the Lubbock National Bank." The deed from the trustee to the bank was dated July 20, 1931, and recited that the property was sold "free from all liens and encumbrances, save and except taxes." Such provision in the deed was duly authorized by the order of sale, the report of sale, and order confirming sale.

J. C. Whicker answered, pleading his discharge in bankruptcy. We will not detail the pleadings of Mrs. Evans or the bank. It is sufficient to say that they raise the issues of law which we shall discuss.

The case was tried in a district court, before the court without the intervention of a jury, and judgment was entered that Mrs. Evans take nothing against either Whicker or the bank, and that the cloud cast by the assessment certificates here sued on on the bank's title to these lots be removed. On appeal by Mrs. Evans to the Court of Civil Appeals the judgment of the district court was reversed and the cause remanded to that court for a new trial. 59 S. W. (2d) 420. Both Mrs. Evans and the bank prosecuted writs of error to this Court. Both applications were granted. The application of Mrs. Evans was granted on the one assignment contained therein. The application of the bank was granted because of the granting of Mrs.

Evans' application. For further statement we refer to the opinion of the Court of Civil Appeals.

As we interpret the opinion of the Court of Civil Appeals that court declined to render judgment for Mrs. Evans foreclosing her lien against these lots, but remanded the cause for a new trial solely on the following holding:

"The proceedings of the Council show that an estimate was prepared prior to the time fixed for the hearing. One estimate may be made against several parcels when they are owned by the same party, firm or corporation. The certificates introduced in evidence specify the particular lot or lots, giving the front foot measurement of each upon which such assessment has been made and apportions the cost among the several parcels. This we think is a sufficient compliance with the terms of the statute. The City Engineer's estimate of the cost of each division was never introduced in evidence. The record shows that he made an estimate. Whether sufficient or not does not appear and that as to each street or district it had been detached from the ordinance before the latter was introduced in evidence. There is therefore no sufficient showing that an estimate as required by law had ever been prepared before the time fixed for the hearing."

The above-quoted holding of the Court of Civil Appeals is to the effect that the record shows there was an engineer's estimate, but no showing of its contents; therefore no showing of its sufficiency. We disagree with this ruling.

■ The five certificates made the basis of Mrs. Evans' alleged cause of action were offered in evidence. Each of them was regular on its face and each of them contained the following statement: "That all proceedings with reference to making such improvements have been regularly had in compliance with the law, the charter of said City, and the terms of this certificate, and that all prerequisites to the fixing of the lien and claim of personal liability evidenced by this certificate have been performed."

In our opinion the certificates, duly issued and containing the above-quoted statement, constituted prima facie evidence that the estimate in question was made, and that its contents were sufficient. Art. 1090, R. C. S., Texas, 1925; Section 6, Article 1105b, Vernon's Annotated Civil Statutes, Vol. 2, 1934. This record contains no evidence to rebut such prima facie showing. It follows that the Court of Civil Appeals was in error in holding that: "There is therefore no sufficient showing that an

estimate as required by law had ever been prepared before the time fixed for the hearing." What we have said disposes of Mrs. Evans' application.

The bank contends that the recital in its deed from the trustee, to the effect that this property was conveyed to it free from all liens and encumbrances, except taxes, together with the attending orders constitute its title free from the liens created by these paving certificates.

■ Mrs. Evans contends that such deed together with such orders do not constitute the bank's title free from the liens created by these certificates, because (a) her liens are for taxes, and (b) because her liens are superior to the bank's title, regardless of the issue of taxes. The Court of Civil Appeals holds that the liens securing these certificates are for taxes and therefore superior to the bank's title. We are in accord with that ruling, and therefore do not rule on what would be the rights of the parties if the liens securing such certificates were not for taxes.

. In connection with the above, we recognize that it is the settled law of this State that the words "tax," "taxes," and "taxation" as used in our Constitution, without some qualifying word in reference to property, apply to ad valorem taxes. Taylor v. Boyd, 63 Texas, 533. It is also true that special assessments of this character are not taxes within the meaning of our Constitution, Section 50, Article 16, subjecting a homestead to forced sale for taxes due thereon. Higgins v. Bordages, 88 Texas, 458, 31 S. W., 52, 53 Am. St. Rep., 770. In spite of this we think that assessments of this kind for street improvements against abutting land are special taxes. Taylor v. Boyd, supra; 5 C. J., p. 820; 25 R. C. L., p. 82 et seq. We quote the following from Judge Stayton's opinion in Taylor v. Boyd:

"The result of the cases bearing upon the question whether, under the words 'tax,' 'taxes' and 'taxation,' assessments for local improvements are embraced, is thus stated: 'Some of the cases assume the narrow ground that the constitutional provisions refer solely to state taxation, or that, if they go further, to the general taxation for state, county and municipal purposes; but the view generally expressed is, that though assessments are laid under the taxing power, and are in a certain sense taxes, yet that they are a peculiar class of taxes and not within the meaning of that term as it is usually employed in our constitutions and statutes.' Cooley on Taxation, 446."

■ Under the laws of this State, assessment liens, such as

these, are superior to all other liens and claims, except state, county, and city ad valorem taxes. Articles 1090, R. C. S. of Texas, 1925; Section 6, Article 1105b, Vernon's Annotated Civil Statutes, Vol. 2, 1934. It follows from all that has been said that the liens securing these certificates are tax liens under our laws and are superior to the bank's title by the very terms of the bank's deed and attending orders of the bankruptcy court. In this connection we agree with the holding of the Court of Civil Appeals that assessments of this kind are taxes within the meaning of the Federal Bankruptcy Laws. See authorities cited by the Court of Civil Appeals.

It appears from the record that no complaint is made regarding the action of the trial court in refusing a personal judgment against Whicker. We are therefore not concerned with that question. It appears further that the trial court filed findings of fact and conclusions of law. In such findings the trial court found $350.00 to be a reasonable fee for Mrs. Evans' attorneys in this suit.

It is ordered that the judgments of the Court of Civil Appeals and of the district court be reversed and set aside, and judgment here rendered as follows:

(a) The judgment of the district court refusing Mrs. Evans a personal judgment against J. C. Whicker is affirmed.

(b) Mrs. Evans is hereby awarded a judgment for the principal of her five paving certificates, with interest from date thereof at the rate of 8 per cent per annum. Mrs. Evans is also awarded a judgment for attorneys' fees in the sum of $350.00.

(c) Mrs. Evans is awarded a judgment against both Whicker and the bank foreclosing her statutory paving liens against the above-described five lots for the sum of the five paving certificates, with interest and attorneys' fees as above stipulated, but no personal judgment is allowed against either Whicker or the bank in this regard.

(d) The Lubbock National Bank shall pay all costs of this proceeding in all courts.

Opinion delivered January 29, 1936.

Rehearing overruled February 19, 1936.