# DECEMBER, 1936

## J. L. DOSS v. WEST TEXAS CONSTRUCTION COMPANY.

No. 6578.   Decided October 7, 1936.
Rehearing overruled December 2, 1936.
(96 S. W., 2d Series, 1116.)

*Thomas R. Smith* and *R. H. Ratliff*, both of Colorado, and *Ben H. Powell,* of Austin, for plaintiff in error.

The general paving law of 1911, having been heretofore adopted by the people of the City of Colorado and remaining in full force and effect, and special assessment thereafter attempted to be levied for paving in said City of Colorado, other than under the terms and provisions of said general paving law of 1911 then in force, were void. Herring v. City of Mexia, 290 S. W., 792; City of Beaumont v. Fall (Com. App.), 291 S. W., 202; City of San Antonio v. Miklejohn, 89 Texas, 79, 33 S. W., 735.

There being no assessment on any amount or character shown in the minutes of the city council in the Ordinance of May 6, 1929, purporting to show such assessments, such ordinance is conclusive as to the matter of the assessments shown therein. Crabb v. Uvalde Paving Co. (Com. App.), 23 S. W. (2d) 300; 43 C. J., 516; 19 R. C. L., 902.

*Goggans & Ritchie* and *Mart W. Reeves,* all of Dallas, for defendants in error.

The provisions of Chapter 106, Acts of 1927, First Called Session of the Fortieth Legislature (Art. 1105, Vernon's statute), exist as a general law of the State available to any city or town of over 1000 and less than 5000 population which desires to construct improvements pursuant thereto, and any city or town desiring to construct improvement pursuant thereto, may do so without the necessity of adopting said law. Smithey v. Shambaugh, 126 Texas, 396, 88 S. W. (2d) 475; Scanlan v. Continental Inv. Co., 126 Texas, 401, 87 S. W. (2d) 476; City of Wichita Falls v. Huff, 121 Texas, 281, 48 S. W. (2d) 580.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

Defendant in error, West Texas Construction Company,

filed this suit against J. L. Doss and wife upon two certificates of special assessment levied against them and their property for the cost of paving a portion of the street in the City of Colorado upon which the property abuts.

The case is clearly and accurately stated in the opinion of the Court of Civil Appeals. 59 S. W. (2d) 866. Upon a careful review and consideration of the record we have concluded that the questions presented were correctly decided by that court and that the reasons given for its holdings are correct.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court October 7, 1936.

Rehearing overruled December 2, 1936.

For the convenience of the Bar the opinion of the Court of Civil Appeals by MR. JUSTICE FUNDERBURK is here inserted, as follows:

West Texas Construction Company sued J. L. Doss and wife upon two paving certificates. One was for $928.06, representing an assessment against Lots 7, 8 and S 35 ft. of Lot 9, Blk. 78, and the other for $687.45, representing an assessment against Lots 11 and 12, Blk. 78, in the City of Colorado, Texas. The paving was done and the certificates issued under authority of Chap. 106, p. 489, Acts First Called Session, 40th Legislature (1927). The city of Colorado had, previously to the enactment of said law, by a vote of the people, adopted the provisions of R. S., 1911, Arts. 1006 to 1014, inclusive (R. S., 1925, Arts. 1086 to 1095, inclusive). The trial judge before whom the case was tried without a jury, upon request filed findings of fact and conclusions of law, which, so far as material to be stated, were (1st) that the former ordinance adopting the provisions of the general paving law (that is, R. S., 1925, Arts. 1086 to 1095) had never been repealed, amended or modified, and had at all times since April 9th, 1923, been in full force and effect; (2nd) that no action had ever been taken by the city council by ordinance, resolution or otherwise "shown of record in the minutes of the proceedings" of said city council in any manner adopting the provisions of Chap. 106, Acts 1927 of the First Called Session of the 40th Legislature; (3rd) that there was no evidence of any assessment in any amount "shown of record in the proceedings of the city council of said City of Colorado against the defendants J. L. Doss and wife or either of them for the cost of the improvement of Hickory Street in said City of Colorado, or any part thereof abutting upon the property of the said defendants

described in plaintiff's petition." The court's conclusions of law based upon the above findings were, in effect, (1st) that said Chap. 106, Acts 40th Legislature, never having been adopted by the governing body of said city, was not in force when such proceedings were had, and that the proceedings herein recited to have been held under the provisions of said Chap. 106, Acts 1927, were without authority of law and were null and void; (2nd) that there being no assessment in any amount shown of record against the defendants or their property for the improvements made, that there were no valid assessments ever levied against the defendants or their property and no liability created. In accordance with these conclusions of fact and law the court gave judgment for the defendants, from which the plaintiff has appealed.

If the provisions of Chap. 106, Acts 1927 were applicable to the City of Colorado and the assessments represented by the paving certificates were not shown to be void, the plaintiff should have had judgment against the defendant J. L. Doss for the principal amount of said certificates with interest, attorneys' fees and costs.

Said Chap. 106, Acts First Called Session of the Legislature, 1927, p. 489, in terms applies to 'cities, towns and villages incorporated under either general or special law, including those operating under special charter or amendments of charter adopted pursuant to the Home Rule provisions of the Constitution." Said Act also provides (in Sec. 15) that same shall not repeal any law "general or special or charter provision already in existence but powers, terms and provisions hereof shall exist as alternative powers, terms and provisions of all other laws and charter provisions in any wise relating to the same subject matter." It also provides (same section), "and specifically this act shall not repeal Arts. 1086 to 1096, inclusive, and Arts. 1104 and 1105 of the Revised Civil Statutes of the State of Texas of 1925, but the law as embraced in said articles shall and does remain in full force and effect, provided the terms, powers and provisions of this act shall not apply in any city not having more than one thousand inhabitants." From the reading of the act itself it is clear that, if the Legislature had the power to enact a law different from but covering the same subject matter as a pre-existing law, and therein provide that the former law shall not be repealed, but the powers, terms and provisions of the later law shall exist as alternative powers, terms and provisions of the previous laws, which is the same thing as to say that, if the Legis-

lature had the power to make two different laws relating to the same subject matter cumulative one of the other, then it has certainly done so in the enactment of said Chap. 106, Acts 1927. We assume the existence of such power since it is not argued to the contrary.

■ Chap. 106, Acts 1927, unlike Chap. 9, Title 28, R. S., 1925, as provided in Art. 1104, is not required to be adopted by an election. Neither is there any requirement that it be adopted by any formal resolution or ordinance. A proceeding by a city to which it is applicable in accordance with its provisions is itself a sufficient appropriation and adoption of the "powers, terms and provisions" of the act. Insofar, therefore, as the judgment is dependent for support upon the conclusion that the provisions of said Chap. 106 were not available to said city, it must, we think, be held to be erroneous.

■ The city, through its city council, having the power to make the assessments and issue the paving certificates and to make the recitals therein such recitals "that all proceedings with reference to making such improvements have been regularly had in compliance with the law and the terms of this certificate and that all prerequisites to the fixing of the assessment lien against the herein described property and the personal liability of the owners thereof have been performed," etc., are to be regarded as prima facie true. The certificates themselves were prima facie evidence of their validity and therefore of the validity of the assessments which they represented. Dillon v. Whitley, 210 S. W., 329; Holt v. Uvalde County, 258 S. W., 285; Watland v. L. E. Whitham & Co., 261 S. W., 387; McCarthy v. City of Denison, 262 S. W., 830; Massey v. City of Fort Worth, 262 S. W., 837; Baldwin v. Morton, 19 S. W. (2d) 948; Thompson v. Thurber Brick Co., 42 S. W. (2d) 93.

■■ The burden was thus cast upon the defendants to show the invalidity, if any, of the assessments. All the testimony on the subject was introduced by the plaintiff and the question is, therefore, does the evidence show that the assessments were void? In the ordinance as recorded in the minutes of the city council in paragraph No. III, where there should have been shown the several parcels of property assessed, the names of the owners were known, the sums of money assessed against each piece of property, etc., there was a blank space with the following notation: "(here insert complete copy of the engineer's rolls or statements as corrected.)" Plaintiff offered in

evidence a purported ordinance of the same date and title signed by the Mayor and attested by the City Secretary under seal of the city which had attached to it by two "gem clips" six pages at the bottom of the corresponding paragraph III entitled "Colorado Paving Assessment Roll." There was evidence to show that this document was brought to court directly from the City Secretary's office, and that the signatures thereto were those of the Mayor and City Secretary. Counsel for defendant admitted in open court that the document was the original ordinance but would not admit that the six sheets attached were a part of the same. However, there was no proof tending to show that same were not a part of the ordinance. We are of opinion that the action of the court in admitting the ordinance was correct, and that the ordinance thus admitted not only fails to show that the assessments were invalid, but affirmatively shows that they were valid.

R. S., 1925, Art. 997, provides that ordinances approved by the mayor shall be signed by him and be "*placed* (italics ours) in the office of the city secretary." The ordinance in question was not one imposing any penalty, fine or forfeiture. City of Lampasas v. Huling, 209 S. W., 213. It therefore took effect without any publication from the time of its passage. R. S., 1925, Art. 1013. We have been referred to no statute nor have we found any which provides that an ordinance shall be recorded upon the minutes as a prerequisite to its becoming effective.

The original ordinance does not vary or contradict the record of it since the record on its face was incomplete and showed that a part of the ordinance was omitted. The rule is applicable, we think, stated by Judge Dillon, as follows: "A distinction has sometimes been drawn between evidence to contradict facts stated on the record and evidence to show facts omitted to be stated upon the record. Parol evidence of the latter kind is receivable unless the law expressly and imperatively requires all matters to appear of record and makes the record the only evidence." 2 Dillon on Municipal Corporations, Sec. 557. Much more certainly, we think, would the original ordinance be admissible to supply mere omissions indicated in the record itself.

The general rule with reference to the recording of ordinances is stated by Dillon as follows: "Statutory and charter provisions that ordinances shall be *recorded, signed* by the presiding officer and *attested* by the clerk, are directory only in

their nature, and a failure to observe them will not invalidate an ordinance or prevent its taking immediate effect. II Dillon on Municipal Corporations, sec. 607. "Within this principle also," says the same authority, "it has been held that the validity of an ordinance is not affected by the omission of the clerk to copy it into the record, or by the fact that it was not correctly copied into the record." Id. The rule is stated in 43 Corpus Juris, p. 539, sec. 873, as follows: "Unless so provided by charter or general statute is not essential to the validity of ordinances or resolutions that they should be recorded. * * * But generally charters and statutes providing for the recording of ordinances and resolutions contain no provision that they shall not be in force until recorded and it has very generally been held that in these circumstances the provisions are merely directory and that a non compliance therewith does not invalidate the ordinance or resolution." The same authority goes on to say: "So where a city council keeps separate minute books in one of which ordinances are entered, an undated and unsigned paper purporting to be an ordinance found posted in the ordinance book, providing for street paving and referring to a certain contract, is sufficiently identified as a city ordinance by a minute in the other record book showing passage of such ordinance." 43 C. J., p. 539, sec. 838. In First National Bank v. Randall, 1 Texas, App. Cas. Civ. (W. & W.), sec. 973, it was said that a city by an irregular mode of keeping its records, cannot be absolved from the consequences of its acts or the obligation of its contracts, or from being responsible for the legal acts of its officers. In Hutcheson v. Storrie, 48 S. W., 785, it seems to have been held that a resolution with unexplained interlineations was admissible. There was no question of recording but it would seem that it was the original resolution that was offered. In Bennison v. City of Galveston, 18 Texas Civ. App., 20, 44 S. W., 613, there was considered an ordinance which required the city collector to enter assessments for street improvements in a book to be kept for that purpose. This was not done. The court said: "We do not think that the entry of the assessment in the book was a condition precedent to the liability. The preceding provisions of the charter show, in our opinion, that the liability arose upon the making of the assessment based upon the roll required by those provisions and that the entry in the book was required merely for the purpose of convenience and preservation of evidence. We therefore believe that the court also erred in holding that the assessments were invalid.

■ There was evidence, however, to overcome the prima facie existence and validity of a lien, in that it was shown that the property was the homestead of Doss and wife and they had created no voluntary lien.

We accordingly conclude that the judgment of the court below, insofar as it refused to declare and foreclose a lien on the land, and insofar as affected the defendant Mrs. J. L. Doss, should be affirmed; but, insofar as it refused to award a personal recovery in favor of the plaintiff against the defendant J. L. Doss, should be reversed and judgment here rendered for plaintiff against the latter for the amount of said paving certificates, interest and attorneys' fees as prayed for, all of which is accordingly so ordered.