OWEN M. MURRAY, RECEIVER, V. DORA REAGAN.

No. 6835.   Decided March 3, 1937.
Rehearing overruled March 24, 1937.
(102 S. W., 2d Series, 202.)

*Bartlett, Thornton & Montgomery,* of Dallas, for plaintiff in error.

The receiver having introduced in evidence the certificate of special assessment made out a case entitling him to recover judgment against the defendants with foreclosure of the assessment lien and it was error for the Court of Civil Appeals to hold that the judgment of the trial court was not supported by affirmative evidence of the passage of the ordinance ordering the improvement and levying the assessment. Crabbe v. Uvalde Paving Co., (Com. App.) 23 S. W. (2d) 300; Seymour v. Security Trust Co., 55 S. W. (2d) 853 (writ dismissed); Harrison v. City of Greenville, 146 Ky. 96, 142 S. W. 219; Mitchell v. City of Terrell, 96 S. W. (2d) 801 (writ refused); Evans v. Whicker, 126 Texas 621, 90 S. W. (2d) 554.

*H. D. Payne,* of Floydada, for defendants in error.

The Court of Civil Appeals correctly held that the attempted levy of the assesment was utterly void, and oral evidence was not admissible to show it was levied. Ceylae v. City of Brownsville, 203 S. W. 153; 2 Page & Jones on Taxation, 1995; Wood v. City of Galveston, 76 Texas 126; 19 R. C. L. 902; Steckert v. City of Saginaw, 22 Mich. 104.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiff in error will be called plaintiff, and defendant in error defendant. The suit is upon a special assessment certificate for paving issued by the City of Floydada and to foreclose the paving lien against a lot abutting upon the improved street. In the trial court plaintiff introduced the certificate and defendant introduced minutes of the city council. The minutes failed to disclose by what vote the ordinances by which the council determined the necessity of such improvement and levied the assessment were passed. The trial court rendered judgment in favor of plaintiff. On appeal the Court of Civil Appeals reversed that judgment and remanded the cause. 74 S. W. (2d) 314.

It was the view of the Court of Civil Appeals that the burden was upon plaintiff to establish affirmatively that the ordinances were passed by a vote of two-thirds of the aldermen present in accordance with the provisions of R. S. Art. 1082.

The paving was done and the certificate issued under authority of the 1927 paving act, Ch. 106, Acts 1st Called Session, 40th Legislature, Vernon's Ann. Civ. Stat. Art. 1105b. The certificate contained the following recital:

" 'That all the proceedings with reference to making such improvements have been regularly had in compliance with the law and that all prerequisites to the fixing of the Assessment Lien against the property described in this Certificate and all prerequisites to the fixing of the personal liability evidenced by this Certificate, have been duly performed.' "

Art. 1105b, Vernon's Ann. Civ. Stat., Sec. 6, provides:

" *   *   *

"If any such certificate shall recite substantially that the proceedings with reference to making the improvements therein referred to have been regularly had in compliance with the law and that all prerequisites to the fixing of the assessment lien against the property described in said certificate and the personal liability of the owner or owners thereof have been performed, same shall be prima facie evidence of all the matters recited in said certificate, and no further proof thereof shall be required * * *."

The same article in Sec. 9 provides for notice and opportunity for hearing and for an appeal within 15 days from the time assessment is levied and then provides:

" *   *   *

" * * * and anyone who shall fail to institute such suit within such time shall be held to have waived every matter

which might have been taken advantage of at such hearing, and shall be barred and estopped from in any manner contesting or questioning such assessment, the amount, accuracy, validity, regularity and sufficiency thereof, and of the proceedings and contract with reference thereto and with reference to such improvements for or on account of any matter whatsoever. And the only defense to any such assessment in any suit to enforce the same shall be that the notice of hearing was not published or did not contain the substance of one or more of the requisites therefor herein prescribed, or that the assessments exceed the amount of the estimate, and no words or acts of any officer or employee of the city, or member of any governing body of the city, other than the action of the governing body shown in its written proceedings and records shall in any way affect the force and effect of the provisions of this Act."

1 At the time the opinion of the Court of Civil Appeals in this case was released the courts were experiencing some difficulty in classifying and construing the Paving Act of 1927. (Art. 1105b.) Since that time it has been definitely settled that the Act is complete within itself, and that a proceeding by a city thereunder is a sufficient appropriation of its terms and provisions. The Act does not repeal other Acts on the same subject, but provides an alternative method of procedure. It makes available for the cities to which it is applicable an election of methods. Such cities may follow the procedure outlined therein or that outlined in other existing laws just as their governing bodies may determine. In testing the regularity of a proceeding under the Act of 1927, its provisions alone will be considered. It does not provide that ordinances for public improvements shall pass by a two-thirds vote, but only by the governing body. The conclusion follows that the plaintiff made out a prima facie case by the introduction in evidence of the certificate, and that the Court of Civil Appeals erred in holding that the burden rested upon him to establish that the ordinances determining the necessity of paving and levying the assessment, were passed by a vote of two-thirds of the aldermen present. Evans v. Whicker, 126 Texas 621, 90 S. W. (2d) 554; West Texas Construction Co. v. Doss, 59 S. W. (2d) 866, affirmed by memorandum opinion expressly approving the holdings of the Court of Civil Appeals in Doss v. West Texas Construction Co., 128 Texas 339, 96 S. W. (2d) 1116; Mitchell v. City of Terrell, 96 S. W. (2d) 556 (error refused).

2 It is claimed that the Paving Law of 1927 is unconstitu-

tional and void upon two grounds, first, that its title or caption is deceptive and therefore condemned under Art. 3, Sec. 35 of the Constitution. The caption is as follows:

"AN ACT to authorize incorporated cities, towns, and villages incorporated under either general or special law, including those operating under a special charter or amendments of charter adopted pursuant to the Home Rule provisions of the Constitution to cause to be improved streets, avenues, alleys, highways, boulevards, drives, public places, squares, or any portion or portions thereof, and to assess part of the cost thereof against abutting property and owners thereof, and against railroads, street railroads or interurbans and owners thereof occupying, using or crossing streets, avenues, alleys, highways, boulevards, drives, public places or squares improved, and to provide for the enforcement and collection of such assessments, and providing the powers, terms and provisions of this Act shall not repeal any charter provision of law, general or special, but shall exist as alternative powers, terms and provisions, and providing that any city which shall adopt or amend its own charter under the Home Rule provisions of the Constitution may provide therein for any of the powers, terms or provisions thereof, as part of, in lieu of, or as alternative to any charter provision, and providing the necessary matters and things incidental to and necessary for the carrying out of the purposes of this Act, provided this Act shall not apply in any city, town or village not having more than one thousand inhabitants, and declaring an emergency."

We can discover nothing deceptive about it, but, on the contrary, it clearly expresses the subject embraced within the Act itself. It is not required that all the details and provisions of the Act be expressed in the title. 39 Tex. Jur., pp. 75 et seq. The contention is overruled.

3   In the second place it is claimed that the Act is void under Article 3, Section 40, of the Constitution, because no mention of that subject of legislation was contained in the proclamation of the Governor calling the special session at which the law was enacted, that no message was sent by the Governor to the Legislature during that session submitting such subject for legislation, and that the bill was suffered to become a law without the Governor's approval. We have consulted the House Journal and find that, by a message dated May 31, 1927, Governor Moody submitted for the consideration of the Legislature the question of the passage of certain attached bills. One of those bills appears to have been this very Act itself. Some amendments were

offered and adopted, but the Act in the main is the one submitted by the Governor. The contention, therefore, seems to be without merit and is overruled.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court March 3, 1937.

Rehearing overruled March 24, 1937.