### BRYAN et ux. v. FIRST NAT. BANK OF HUNTSVILLE et al.

#### No. 3476.

Court of Civil Appeals of Texas. El Paso.

March 11, 1937.

Rehearing Denied March 25, 1937.

J. S. Bracewell, of Houston, for appellants.

Dean & Humphrey, of Huntsville, for appellees.

NEALON, Chief Justice.

The First National Bank of Huntsville, Tex. (appellee herein), sued appellants, Jesse E. Bryan and wife, Jane Bryan, and others upon a paving certificate issued by said city and for foreclosure of an alleged paving lien and a contract lien upon the homestead of appellants, which is situated in the city of Huntsville. Appellee also prayed for personal judgment for the amount assessed for the improvement, together with interest, attorney's fees, and costs. It was alleged that the defendants other than appellants were claiming interests that were subordinate to those of appellee.

Appellant answered by general demurrer, general denial, and special answer averring that the real estate against which it was sought to enforce the lien was the residence and business homestead of defendant.

Judgment was rendered in favor of appellee and against appellant Jesse E. Bryan in the sum of $691.39, principal and interest to date of judgment, $150 attorney's fees, and foreclosing the contract mechanic's lien to satisfy the judgment for principal and interest of the amount of the paving certificate, exclusive of attorney's fees.

From this judgment, appellants are prosecuting this appeal.

Upon the trial of this cause, no evidence was offered by the defendants, or any of them, and the plaintiff's evidence consisted of the following:

(1) Certificate of special assessment No. 3, dated June 3, 1930, for the principal sum of $746.63.

(2) Mechanic's lien contract dated April 14, 1930, duly executed by the husband and wife on the day of its date, and filed for record at 3:15 o'clock p. m. on said date.

(3) Written transfer from R. B. Butler, the payee in the special certificate of assessment, to the plaintiff, First National Bank of Huntsville, Tex., dated June 12, 1930.

(4) Plaintiff offered evidence to show that $150 was a reasonable fee for the services of an attorney in prosecuting said suit to final judgment on behalf of the plaintiff.

It was admitted on the trial that the property on which the foreclosure of lien was sought was at the time of the proceedings and at the time of the trial the homestead of the defendants Jesse E. Bryan and wife, Janie Bryan. This fact was also shown by plaintiff's petition, and was really not an issue in the case.

Opinion.

■ 1. It does not appear from the record that the general demurrer offered by defendant below to the original petition of plaintiff was presented to the court or acted upon by it in any way. "Therefore the question of the sufficiency of the petition as pleading is not before us for consideration." Poitevent v. Scarborough, 103 Tex. 111, 124 S.W. 87, 88.

■ 2. The evidence supports the judgment. The mechanic's lien contract introduced in evidence was sufficient in form and substance to create a valid lien against appellants' homestead. The acknowledgment was in statutory form. It identified the improvements to be constructed on the homestead by reference to the resolution adopted by the city council ordering the improvement of the street upon which the homestead abutted, and by reference to the contract and specifications adopted by the city council, and it fixed the amount to be paid as that amount ascertained to be the pro rata share of the improvements according to the front foot rule under the terms of the ordinance or resolution and contract, the amount, however, to be limited to $746.63. The contract lien executed by appellants further stipulated, "We here-

by consent that the city council of the said city may levy a special assessment against us and said property abutting upon said street, and do hereby waive the issuance and service of all notices required by law," etc. The contractor named in the contract lien as well as in the special assessment certificates was R. B. Butler, who in turn assigned the assessment liens as well as all personal claims growing out of the transaction and "all liens of every kind and character" to plaintiff. The certificate introduced in evidence was issued by the city of Huntsville, by its mayor, attested by its secretary and its seal attached. It recited that it was issued pursuant to resolution of the city council "duly adopted and entered of record, bearing date the 3rd day of June, 1930." It further recited:

"That all proceedings with reference to making such improvements have been regularly had, in compliance with chapter 9, title 28, of the Revised Civil Statutes of Texas of 1925 [Vernon's Ann.Civ.St. art. 1086 et seq.] and with chapter 106 of the General Laws passed by the Fortieth Legislature of Texas, at its First Called Session in 1927 [Vernon's Ann.Civ.St. art. 1105b], and the Resolutions of the City of Huntsville and the terms of this Certificate, and that all prerequisites to the fixing of the lien and claim of personal liability evidenced by this assessment have been performed; that said improvement has been completed by the said R. B. Butler, in compliance with the terms of said contract and was accepted by the said City by an Ordinance or Resolution adopted on the 3rd day of June, 1930."

It also recited that the assessment against defendants' property was in the sum of $746.63, and "that said assessment was levied by virtue of said Ordinance and other proceedings of said City, providing for the payment by said owner of his pro rata of the cost of improving 13th Street within the said City, under a Contract between the said City and the said R. B. Butler, of date the 8th day of February, 1930 (and an Amended or Supplemental Contract between the same parties, bearing date April 15, 1930)."

■ Section 6 of chapter 106, Acts of 1927 (Vernon's Ann.Civ.St. art. 1105b, § 6), provides that when a certificate contains such recitals it shall be prima facie evidence of all the matters so recited, "and no further proof thereof shall be required." See Evans v. Whicker et al., 126 Tex. 621, 90 S.W.(2d) 554. The certificate was sufficient to fix personal liability against the owner, though the ordinance would establish no valid lien against the homestead. City of Huntsville v. Howell Mayes (Tex. Civ.App.) 271 S.W. 162; City of Huntsville v. W. E. McKay (Tex.Civ.App.) 286 S.W. 305; Smith Bros., Inc., v. Vann (Tex. Civ.App.) 296 S.W. 909.

The personal liability is thus fixed because the law makes the certificate prima facie proof that the work was completed according to the resolution, the ordinance, and the contract. The face of the contract mechanic's lien identifies the work and the contract under which it was done as the same that was described in the certificate. The obligation of Jesse E. Bryan thus established is the one sought to be secured by the contract lien. The judgment safeguarded the homestead from liability for attorney's fees, and limited the charge against it to the lawful demand under the contract entered into by the husband and wife.

■ 3. Appellants set forth seven assignments of error at the end of their brief. The first and second relate to their general demurrer which does not appear to have been urged. We have hereinbefore disposed of this feature of the appeal. The remaining assignments challenge the court's action in admitting in evidence, respectively, the paving certificate and contract lien, and in rendering judgment for plaintiff. For the reasons stated, these assignments are without merit, and are overruled.

The judgment of the district court is affirmed.