**HILLIARD et al. v. SMITH BROS., Inc.**

No. 11094.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 4, 1942.

Pichinson & Alsup, of Corpus Christi, for appellants.

Dean B. Kirkham and Jack Pedigo, both of Corpus Christi, and Archer & Archer, of Rockport, for appellee.

NORVELL, Justice.

This action is based upon a paving certificate, bearing date of July 21, 1927, issued to appellee, Smith Bros., Inc., by the City of Corpus Christi, in accordance with Chapter 9, Title 28, of the Revised Civil Statutes of 1925. Articles 1086–1105, Vernon's Ann.Civ.Stats. Appellee's original petition, naming Mary Guilmenot as defendant, was filed on September 30, 1929. After her death appellants, Nellie Hilliard (individually and as executrix), Clementine Guilmenot and George Guilmenot, were made parties by writ of scire facias.

A copy of the paving certificate was attached to and made part of appellee's first amended petition, filed October 18, 1940. Appellants' answer did not contain a plea of non est factum.

Trial was to the court without a jury and judgment rendered for appellee. No findings of fact or conclusions of law appear in the transcript. Appellants present their appeal upon four assignments of error.

Upon the trial, the paving certificate was introduced in evidence over appellants' objection "for the reason that a proper predicate has not been laid for its introduction. It is merely a piece of paper with some writing on it, and no proof is made that it is in truth and in fact a Certificate of Special Assessment."

As the certificate was set out in haec verba in the petition and no plea of non est factum was filed, we are of the opinion that there was no error in the trial court's ruling admitting the certificate in evidence. Article 1090, Vernon's Ann.Civ. Stats.; Murray v. Reagan, 129 Tex. 206,

102 S.W.2d 202; West Texas Construction Co. v. Doss, Tex.Civ.App., 59 S.W.2d 866, 868, affirmed Tex.Com.App., 96 S.W.2d 1116, wherein it is said: *"The [paving] certificates themselves were prima facie evidence of their validity* and therefore of the validity of the assessments which they represented." (Italics our.) Appellants' first and second assignments of error are overruled.

There is no merit in the contention that appellee was not entitled to recover upon the certificate made payable to it for the reason that there appeared on the back thereof an endorsement in blank executed by Smith Bros., Inc. Gray v. Altman, Tex. Civ.App., 149 S.W. 760; 6 Tex.Jur. 983, § 298. The fact that a paving certificate is not a negotiable instrument makes no difference in the application of the rule. Appellants' third assignment of error is overruled.

Although appellee's original petition is not included in the transcript, it inferentially appears that in describing the property against which the lien was asserted, as well as the location of the paving involved, the term "Winnebago Street" rather than "Media Street" was used. There does appear in the transcript an instrument styled "Plaintiff's Trial Amendment" which was filed on September 17, 1940, by leave of the court, which had for its purpose the substitution of the word "Media" for "Winnebago." In the trial petition, filed October 18, 1940, "Media Street" is referred to. Appellants complain of the trial court's action in allowing the trial amendment and insist that appellee's action is barred by the four year statute of limitation. Article 5527, Vernon's Ann.Civ.Stats. The property is described in the amended petition and presumedly in the original petition, as the South one-third of Lot 1, in Block 75, Bluff Portion of the City of Corpus Christi. The property actually fronts upon the west side of Media Street rather than Winnebago Street. We are of the opinion that a new cause of action was not introduced by the amendment permitted by the trial court. 28 Tex.Jur. 215, § 119. Appellants' fourth assignment of error is overruled.

No reversible error being shown, the judgment of the trial court is affirmed.