## FONVILLE v. SOUTHERN MATERIALS CO.

### No. 12291.

Court of Civil Appeals of Texas.
Galveston.

May 10, 1951.

Rehearing Denied May 31, 1951.

Robt. M. Lyles, of Angleton, for appellant.

Comer Burton, of Angleton, for appellee.

MONTEITH, Chief Justice.

Appellee, Southern Materials Company, brought this action in the District Court of Brazoria County for recovery from appellant of the sum of $1,437.50, the amount alleged to be due it upon a certificate of special assessment for the paving of a street in the city of Velasco in Brazoria County, Texas, for foreclosure of a statutory lien on appellant's property abutting said paving, and for attorney's fees. Appellant answered by a general denial and by a special plea that there had been no

substantial compliance with the contract for such paving and that its acceptance by the city authorities constituted a fraud perpetrated upon appellant. Appellee filed a motion for summary judgment based on his allegations that appellant's pleading had raised no genuine issue as to any material fact. Appellant answered appellee's motion for a summary judgment by setting up the defenses pleaded in the original suit and attaching thereto affidavits alleged to support the allegations in his answer. Appellee excepted to such affidavits on the grounds that they were not such affidavits as were required under Rule 166—A, Texas Rules of Civil Procedure, and that they contained purported evidence which would not have been admissible if presented in open court on a trial of the case.

The court granted appellee's motion for a summary judgment and rendered judgment for the amount sued for, a foreclosure of appellee's lien and for attorney's fees in the sum of $300.00.

Appellant, under his several points of assigned error, contends that since he had plead that the acceptance of said paving constituted fraud upon him and had supported his pleadings by affidavits and that these facts had not been denied by appellees, his pleadings had raised an issue of fact material to his defense and that it was error for the trial court to render summary judgment. He complains of the action of the trial court in fixing the amount of the attorney's fees awarded appellee in the absence of evidence as to what constituted a reasonable attorney's fee and contends that he owed no duty either to the contractor or to the city of Velasco of complaining that the paving was not being performed in substantial compliance with the contract.

The material parts of Rule 166–A, Texas Rules of Civil Procedure, read:

"(a) For Claimant. A party seeking to recover upon a claim, counter-claim, or cross-claim or to obtain a declaratory judgment may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a sum-

mary judgment in his favor upon all or any part thereof.

\*   \*   \*   \*   \*   \*

"(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."

Article 1105b, Vernon's Annotated Civil Statutes, Section 6, reads:

"Sec. 6. Subject to the terms hereof, the governing body of any city shall have power by ordinance to assess all the cost of constructing, reconstructing, repairing, and realigning, curbs, gutters, and sidewalks, and not exceeding nine-tenths of the estimated cost of such improvements, exclusive of curbs, gutters, and sidewalks, against property abutting upon the highway or portion thereof ordered to be improved, and against the owners of such property, and to provide the time, terms, and conditions of payment and defaults of such assessments, and to prescribe the rate of interest thereon not to exceed eight (8) per cent per annum. Any assessment against abutting property shall be a first and prior lien thereon from the date improvements are ordered, and shall be a personal liability and charge against the true owners of such property at said date, whether named or not. The governing body shall have power to cause to be issued in the name of the city assignable certificates in evidence of assessments levied declaring the lien upon the property and the liability of the true owner or owners thereof whether correctly named or not and to fix the terms and conditions of such certificates.

"If any such certificate shall recite substantially that the proceedings with reference to making the improvements therein referred to have been regularly had in compliance with the law and that all pre-

requisites to the fixing of the assessment lien against the property described in said certificate and the personal liability of the owner or owners thereof have been performed, same shall be prima facie evidence of all the matters recited in said certificate, and no further proof thereof shall be required. In any suit upon any assessment or reassessment in evidence of which a certificate may be issued under the terms of this Act it shall be sufficient to allege the substance of the recitals in such certificate and that such recitals are in fact true, and further allegations with reference to the proceedings relating to such assessment or reassessment shall not be necessary.

"Such assessments shall be collectable with interest, expense of collections, and reasonable attorney's fee, if incurred, and shall be first and prior lien on the property assessed, superior to all other liens and claims except State, county, school district, and city ad valorem taxes, and shall be a personal liability and charge against said owners of the property assessed. As amended, Acts 1937, 45th Leg., p. 904, ch. 439, § 1."

Upon the hearing on appellee's motion for a summary judgment, photostatic copies of the ordinances of the city of Velasco setting out the necessity for said street improvements and ordering their construction, the paving certificate issued by the city and certified copies of all city ordinances related to street improvements similar to those constructed in the instant case, were submitted in evidence in compliance with said Article 1105b.

Appellant filed with the pleadings on the hearing of the motion for summary judgment affidavits of O. M. Fonville, G. M. Hunt and G. R. Mitchell, alleged to support his pleadings that there was a failure of a substantial compliance with the contract for said paving and that its acceptance constituted fraud on him. The affidavits are made before Robert M. Lyles, a notary public in and for Brazoria County, who was appellant's attorney.

The affidavit of appellant stated, in effect, that he was the owner of the property in question; that the specifications in the contract for such paving were for a concrete base 9 inches in the center and 7 inches on each edge. He stated that in company with other parties he had measured said concrete and found that at no point was it as much as 7 inches in depth, even in the center, but that the depth of the concrete was 5½ inches.

G. M. Hunt, in his affidavit, stated that he was the owner of property located in the city of Velasco abutting on South Fourth Street, on which the paving in question had been constructed; that he knew that the specifications in the contract for the construction of said paving called for a layer of concrete 9 inches in depth at the crown and 7 inches in depth on each edge and that at no place did said paving exceed 6¼ inches; that he had asked the foreman in charge of the construction why he did not lay the concrete deeper and that the foreman had told him that he was laying it just exactly as he was instructed to lay it. Mr. Hunt also stated in his affidavit that the property owned by him on South Fourth Street in Velasco was his homestead. It was stipulated, however, by the parties that statements made by him in connection with his homestead have no bearing or connection with this suit.

G. R. Mitchell, in his affidavit, stated that at the time South Fourth Street in Velasco was paved he owned property abutting on said paving and that he had watched the paving on the street; that he had been in the construction business practically all of his adult life and was able to read and interpret specifications for construction work; that he had seen the specifications for the paving of the street and that they provided for concrete paving 7 inches on each side and the depth of 9 inches at the crown, or center; that he had watched the construction of said South Fourth Street paving and that the concrete laid did not exceed 5 inches in depth over the greater part of the construction.

█ The summary judgment procedure provided for under said Rule 166–A, Texas Rules of Civil Procedure, has as its source Federal Rules of Civil Procedure, Rule 56, 28 U.S.C.A. It provides a method for

promptly disposing of actions where the pleading and proof submitted by the parties fail to disclose the existence of a genuine issue of any material fact.

The courts of this state have not spoken upon the precise facts here involved, in so far as we have been able to ascertain. However, our Federal Courts have decided numerous cases in point on both the factual situation and the questions of law involved in this case and have, we think, established a proper and safe rule to follow where the facts are applicable.

It is the general rule that affidavits are not admissible to prove material facts in a contested case but that they are only admissible when they conform to a statute or rule which permits their introduction, Board of Public Instruction for Hernando County v. Meredith, 5 Cir., 119 F.2d 712, and that in order to authorize the rendition of a summary judgment, based on supporting affidavits, the affidavits must contain statements of fact which the affiant knows and is able to substantiate on a trial of the case. Banco de Espana v. Federal Reserve Bank of New York, 2 Cir., 114 F.2d 438.

The statements contained in the affidavits relied on by appellant were not, we think, admissible in evidence but were conclusions of law based on facts not revealed in the record and can have no more probative force in this appeal than the same averments in an answer would have had in appellant's pleadings and, while a trial of the case may show that the appellant was correct in his conclusions, the court, in the instant case, was without admissible evidence upon which to overrule appellee's motion for a summary judgment, since it was not shown affirmatively that the affiants were competent to testify to the matters stated in the affidavits. Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318.

In the case of Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co., 6 Cir., 137 F.2d 871, 876, it was held that, under said Rule 56, on which Rule 166–A is based, a court is authorized to determine whether a bona fide issue of fact exists between the parties in the action and that if it is found that no cause of action or defense exists, the court may determine that no issue is presented and may grant the motion for summary judgment, but that the motion should be denied if, under the evidence, reasonable men might reach different conclusions.

Further, the courts of this state have uniformly held that a plaintiff suing on a special assessment certificate has made out a prima facie case as to the regularity of the paving proceedings under said Article 1105b, Vernon's Annotated Civil Statutes, by the introduction in evidence of the certificate reciting the regularity thereof in evidence. Murray v. Reagan, 129 Tex. 206, 102 S.W.2d 202; Evans v. Whicker, 126 Tex. 621, 90 S.W.2d 554; West Texas Construction Company v. Doss, Tex.Civ. App., 59 S.W.2d 866, and Mitchell v. City of Terrell, Tex.Civ.App., 96 S.W.2d 556.

In the case of Williams v. Kolb, 79 U.S. App.D.C. 253, 145 F.2d 344, in which the facts and the questions of law presented are similar in all material respects to those in the instant case, it was held that general allegations in supporting affidavits were not sufficient to raise issues of fact against a detailed statement sworn to by defendants as to certain existing facts and that the granting of a summary judgment in that case was proper under Rule 56, Federal Rules of Civil Procedure.

Under these facts, we think the trial court was authorized to grant appellee's motion for summary judgment complained of in this appeal.

Under his fifth point of error, appellant contends that the trial court erred in arbitrarily fixing the amount of appellant's attorney's fee in the judgment rendered in the absence of a showing as to what constituted a reasonable fee. These contentions cannot, we think, be sustained. It is true that there was no evidence in the record as to what services the attorneys for appellee had rendered. This question was decided in the cases of Johnston v. Blanks, 68 Tex. 495, 4 S.W. 557, and in May v. Donalson, Tex.Civ.App., 141 S.W. 2d 702. In these cases it was held that in a trial before the court a judgment may

fix an attorney's fee even though there has been no testimony to determine the value of the attorney's services.

We have carefully considered all other points of assigned error presented by appellant in his brief and, finding no reversible error therein, the judgment is in all things affirmed.