**J. L. MURDOCK, Appellant,**

v.

**TEXAS SECURITIES CORPORATION,**
Appellee.

No. 7735.

Court of Civil Appeals of Texas.
Amarillo.

Sept. 25, 1967.

Rehearing Denied Oct. 23, 1967.

Herbert C. Martin, Amarillo, for appellant.

Lovell, Lyle & Cobb, R. A. Renfer, Jr., Dumas, for appellee.

NORTHCUTT, Justice.

Appellee, Texas Securities Corporation, brought this action in the District Court of Lamb County for recovery from appellant, J. L. Murdock, for the sum of $1,838.13, the amount alleged to be due it upon a certificate of special assessment for the consrtuction of the street and sidewalk improvements of Littlefield in Lamb County, Texas, and for foreclosure of a statutory lien on appellant's property abutting said paving and for interest and attorney's fees. Appellant answered by general denial and by special plea that the published notice made a basis for the assessment sued upon did not meet the requirements of Article 1105b, Section 9, Vernon's Ann.Tex.Civ.St., and contravened the due process clause of the State and National Constitutions because neither the statute nor the constitutions authorized the beautification of appellant's property and assessment of a lien against the same for such beautification.

Appellee filed a motion for summary judgment based on its allegations that appellant's pleadings had raised no genuine issue as to any material fact. Appellant answered appellee's motion for summary judgment based upon the theory that the proceedings did not comply with Article 1105b, Section 9, V.T.C.S., and contravened the due process clause of the constitution of the State of Texas and also the United States Constitution. The court granted appellee's motion for summary judgment and rendered judgment for the amount sued for and foreclosure of appellee's lien and for attorney's fees in the sum of $200. From that judgment appellant perfected this appeal.

Appellant presents this appeal upon three points of error all based upon the contention that the proceedings were for beautification

but there is nothing in the record to show such levy was made for beautification. In the public meeting when this matter was being discussed, something was mentioned about beautifying the city but the meeting was to explain to the people interested all the matters, proceedings, the estimated costs, etc., concerning the paving, curbing, gutters and sidewalks.

Article 1105b, Section 9 provides that no assessment should be made against any abutting property or its owner until after notice and opportunity for hearing as therein provided. Such notice was published as provided in said article and appellant was notified of such hearing by personal letter, and he attended such hearing and took part therein and was fully advised as to the estimated cost. Although the appellant knew about such proceedings which would establish a lien on his property and did take part in the meeting where such matters were fully discussed, he did not appeal from such assessment by instituting suit in any court as provided for in said Article 1105b that he had the right to do, and he thereby waived every matter which he might have taken advantage of and is thereby barred and estopped from contesting or questioning such assessment, the amount, accuracy, validity, regularity or sufficiency thereof and the proceedings and contract with reference thereto and with reference to such improvements for or on account of any matter whatsoever.

Article 1105b, Section 6, V.T.C.S., provides:

"If any such certificate shall recite substantially that the proceedings with reference to making the improvements therein referred to have been regularly had in compliance with the law and that all prerequisites to the fixing of the assessment lien against the property described in said certificate and the personal liability of the owner or owners thereof have been performed, same shall be prima facie evidence of all the matters recited in said certificate, and no further proof thereof shall be required."

The certificate here involved provided:

"That all proceedings with reference to making such improvements have been regularly had in compliance with the law and that all prerequisites to the fixing of the assessment lien against the above described property and the personal liability of the owner or owners thereof have been performed, and this certificate shall be prima facie evidence of the matters herein recited, and no further proof thereof shall be required."

However, in this case the appellant concedes he knew of such matter and took part in such hearing. It is stated in Fonville v. Southern Materials Co., 239 S.W.2d 885 (Tex.Civ.App.–Galveston, 1951, writ ref'd, n r. e.) as follows:

"Further, the courts of this state have uniformly held that a plaintiff suing on a special assessment certificate has made out a prima facie case as to the regularity of the paving proceedings under said Article 1105b, Vernon's Annotated Civil Statutes, by the introduction in evidence of the certificate reciting the regularity thereof in evidence. Murray v. Reagan, 129 Tex. 206, 102 S.W.2d 202; Evans v. Whicker, 126 Tex. 621, 90 S.W.2d 554; West Texas Construction Company v. Doss, Tex.Civ.App., 59 S.W.2d 866, and Mitchell v. City of Terrell, Tex.Civ.App., 96 S.W.2d 556."

See also Murray v. Reagan, 129 Tex. 206, 102 S.W.2d 202 (Tex.Comm'n App.–1937, opinion adopted by Supreme Court). We overrule appellant's assignments of error.

Judgment of the trial court is affirmed.