**John WRIGHT, Appellant,**

v.

**CITY OF GRAND PRAIRIE, Appellee.**

**No. 18522.**

Court of Appeals of Texas, Fort Worth.

Nov. 19, 1981.

John Wright & Associates, John Wright, Grand Prairie, for appellant.

R. Clayton Hutchins, City Atty., Grand Prairie, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

This is a paving assessment case. John Wright appeals from judgment for the City of Grand Prairie foreclosing a statutory lien created under Tex.Rev.Civ.Stat.Ann. art. 1105b (1963). The City of Grand Prairie brought this action for recovery from Wright the amount alleged to be due on a certificate of special assessment for the paving of the North Carrier Parkway extension in the City of Grand Prairie, for foreclosure of a statutory lien on his property abutting said paving, and for interest. The court granted the city's motion for summary judgment.

We affirm.

The record reveals that the City of Grand Prairie gave notice to the property owners that the city had found it necessary to make certain improvements to the North Carrier

Parkway extension, the cost of which would be assessed against the property owners on a pro rata basis, and that a meeting in regard to proposed improvements and assessments would be held on October 3, 1972. Wright received his notice of the hearing on September 8, 1972. Notice was published in a Grand Prairie newspaper and statutory notice filed with the county clerk. There is no evidence whether Wright attended the meeting. By virtue of an ordinance of the City Council of Grand Prairie passed July 23, 1974, there was levied an assessment in the sum of $8,616.30 against certain property in the City of Grand Prairie fronting on North Carrier Parkway, more specifically described as Tract 2, M. Farrens Abstract 527, and against the true owner of said premises. On July 12, 1977, the city executed a certificate of special assessment for the pro rata share payable by the owner of Tract 2, M. Farrens Abstract 527, naming as owner L. A. Crouch and Great Southwest Corporation. At this point the facts become unclear. The city filed suit against John Wright on June 15, 1977, in Dallas County, Texas, to foreclose the statutory lien evidenced by the certificate of special assessment. Apparently, the city realized that the property in question was not in Dallas County, but in Tarrant County, because suit was filed on October 13, 1977, in Tarrant County against Wright to enforce the special assessment. A nonsuit was taken in the Dallas case on November 8, 1977. On March 14, 1978, the certificate of special assessment was amended to reflect John Wright as the true owner of the property. Judgment was rendered against Wright in the Tarrant County suit on November 26, 1980, for $12,333.32, the total sum of the paving assessment lien, penalties, interest and costs to date, due, owing and unpaid against the property, with interest thereon from date of judgment at the rate of nine (9) percent per annum, and for foreclosure of the paving assessment lien against Wright's property.

Wright appeals asserting three points of error.

Upon review of the summary judgment evidence, we find the evidence sufficient to prove that the City of Grand Prairie validly assessed the property in question for the pro rata share of the cost of paving the street abutting the property.

Tex.Rev.Civ.Stat.Ann. art. 1105b, sec. 6 (1963), empowers the governing body of any city with the authority to assess by ordinance the cost of street improvements against property abutting upon the highway ordered to be improved and against owners of such property. Section 6 provides in part:

"The governing body shall have power to cause to be issued in the name of the city assignable certificates in evidence of assessments levied declaring the lien upon the property and the liability of the true owner or owners thereof whether correctly named or not and to fix the terms and conditions of such certificates.

"If any such certificate shall recite substantially that the proceedings with reference to making the improvements therein referred to have been regularly had in compliance with the law and that all prerequisites to the fixing of the assessment lien against the property described in said certificate and the personal liability of the owner or owners thereof have been performed, same shall be prima facie evidence of all the matters recited in said certificate, and no further proof thereof shall be required. In any suit upon any assessment or reassessment in evidence of which a certificate may be issued under the terms of this Act it shall be sufficient to allege the substance of the recitals in such certificate and that such recitals are in fact true, and further allegations with reference to the proceedings relating to such assessment or reassessment shall not be necessary."

In its first amended petition, the city alleges the substance of the recitals of the certificate of special assessment and that recitals are in fact true. In support of its motion for summary judgment, the city attached certified copies of (a) the certificate of special assessment for the improvement of North Carrier Parkway extension paving

issued to the City of Grand Prairie, Texas, by that city against John Wright; (b) notice of assessment published in the Grand Prairie Urbanite; (c) notice of assessment mailed to John Wright; (d) delinquent assessment statement; and (e) pertinent affidavits.

Under the statute, no other evidence is necessary. The city made out a prima facie case by the introduction in evidence of the certificate. *Murdock v. Texas Securities Corporation*, 420 S.W.2d 247 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.) and cases cited therein. The burden was thus cast upon Wright to show the invalidity, if any, of the assessment. *West Texas Const. Co. v. Doss*, 59 S.W.2d 866 (Tex.Civ.App.—Eastland 1933, no writ).

Article 1105b, sec. 9, provides that no assessment should be made against any abutting property or its owner until after notice and opportunity for hearing as therein provided. Such notice was published as provided in said article and Wright was notified of such hearing by personal letter. Although Wright knew about such proceedings which would establish a lien on his property, he did not appeal from such assessment by instituting suit in any court as provided in said art. 1105b.

Tex.Rev.Civ.Stat.Ann. art. 1105b, sec. 9 (1963), provides that the party assessed has a right to appeal within fifteen (15) days from the time such assessment is levied. If he fails to appeal within that time, he waives "every matter which might have been taken advantage of at such hearing, and shall be barred and estopped from in any manner contesting or questioning such assessment, the amount, accuracy, validity, regularity, and sufficiency thereof, and of the proceedings and contract with reference thereto and with reference to such improvement for or on account of any matter whatsoever." See *Murdock v. Texas Securities Corporation, supra.*

Wright did not appeal within fifteen (15) days; therefore, as provided by sec. 9, his only defenses in a suit to enforce assessment are: (1) lack of notice of the hearing, (2) defective notice of the hearing, and (3)

the assessments exceeded the amount of the estimates. With this in mind we now turn to Wright's points of error.

By his first point, Wright contends that the judgment is void because the legal description of the property sued upon is insufficient to support an assessment for paving or judgment.

The description in the certificate of assessment reads as follows:

"THIS IS TO CERTIFY THAT: By virtue of an Ordinance of the City Council of Grand Prairie, Texas, passed on July 23, 1974, there was levied an assessment in the sum of $8,616.30 Dollars, against the following described property situated in said city: Tract 2, M. Farrens Abstract 527 fronting 777.8 feet on the East and West side of North Carrier Pkwy . . . ."

The description in the judgment reads: "Tract 2, M. Farrens Abstract 527 (being some 10 acres, more or less) lying and being situated in the County of Tarrant, in the City of Grand Prairie, . . . ."

The Supreme Court of Texas in *Evans v. Whicker*, 126 Tex. 621, 90 S.W.2d 554, 556 (1936) held that "assessments of this kind for street improvements against abutting land are special taxes" and that "liens securing these certificates are tax liens under our laws . . . ."

The rules as to the sufficiency of the description of property in a tax assessment are the same as those applied in the case of conveyances. *Jamison v. City of Pearland*, 489 S.W.2d 636 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.).

■ The rule is that the property description in a deed, judgment, or other writing is to furnish means of identification of land and the description must be so definite upon the face of the instrument or in some other writing referred to that the land can be identified with reasonable certainty. *Greer v. Greer*, 144 Tex. 528, 191 S.W.2d 848, 849 (1946).

■ In the present case, we find that the property description is sufficiently definite to support the judgment foreclosing the lien

against the property in question. The description supplies the city, state, and county in which the property is located, as well as the specific tract in a specific abstract within the city. In addition, it names a specific street and the number of feet on the east and west sides of said street abutted by said property.

Wright's first point is overruled.

■ By his second point, Wright contends that the city failed to comply with Tex.Rev.Civ.Stat.Ann. art. 1105b, sec. 13 (1963) which requires notice and hearing before any reassessment can be made. Wright urges that when the original certificate of assessment was amended to reflect John Wright as owner of the land in question, the city, in effect, was reassessing the property. Wright contended entitlement to the giving of a new notice and another hearing before such reassessment could be made. We do not agree with Wright's contention.

Tex.Rev.Civ.Stat.Ann. art. 1105b, sec. 13 (1963), provides in part:

"In case any assessment shall for any reason whatsoever be held or determined to be invalid or unenforceable, then the governing body of such city is empowered to supply any deficiency in proceedings with reference thereto and correct any mistake or irregularity in connection therewith, and at any time to make and levy reassessments after notice and hearing . . . ."

There is no evidence in the record that the original assessment was determined to be invalid or unenforceable or that a reassessment was made or even necessary. It appears that the original certificate was merely amended to reflect the true owner's name. The two certificates are identical except for the name of the property owner and the date on which the certificate was executed. When a city makes a paving assessment against a parcel of land and its owner it is not required to issue certificates of special assessments. The certificates are merely assignable negotiable instruments which serve as evidence of the assessments made. The certificate also serves as prima facie evidence of the validity of the assessment. Nothing in art. 1105b prohibits the correcting of an error in the certificate by issuance of an amended certificate. The statute contains no time for issuance of the certificate.

We find no evidence that the city reassessed Wright's property or that Wright's property was assessed without the giving of the required notice and hearing. Therefore, we overrule Wright's second point.

■ By his third point, Wright contends that the amount sued upon is incorrect because the most money in interest that could be due is interest from the date of the assessment sued on in the name of John Wright, which assessment was dated March 14, 1978. Again, Wright is arguing that his property was not assessed until a certificate of special assessment was issued reflecting his name as true owner. Wright appears to misunderstand the function of the certificate. The issuance of a certificate of special assessment is not the levying of an assessment, but merely evidence that a valid assessment has been made. The assessment itself is levied by city ordinance. Tex. Rev.Civ.Stat.Ann. art. 1105b, sec. 6 (1963). In a case such as this, it is the assessment which is in question and not the certificate.

Wright does not challenge the amount of principal and interest save as applied to interest and that only upon the ground that interest should accrue as of March 14, 1978, when the certificate of special assessment was issued reflecting John Wright as true owner and, in effect, a reassessment according to his contention. Since there was no reassessment and the amending of the certificate had no effect on the original assessment, we overrule Wright's third point.

Each point of error is overruled.

Judgment is affirmed.