## WHITE et ux. v. DOZIER CONST. CO.
### No. 7953.

Court of Civil Appeals of Texas. Austin.
March 14, 1934.

E. A. Bills, of Littlefield, and Robert A. Sowder, of Lubbock, for appellants.

White, Taylor & Gardner, of Austin, for appellee.

BLAIR, Justice.

Appellee, Dozier Construction Company, sued appellants, A. E. White and his wife, Ellen White, to recover the balance due for paving the street abutting their property, and to foreclose a mechanic's lien on said property securing the debt; and on the trial to the court without a jury recovered judgment as prayed; hence this appeal.

The facts showed that, the city of Littlefield, acting under article 1105b, Vernon's Ann. Civ. St., Acts 1927 (1st Called Sess.) c. 106, contracted with appellee to pave certain

of its streets, including the one abutting appellants' property, assessing a part of the cost against the abutting property and the owners thereof. After the city made an assessment of $1,063.76 against the property of appellants and against them as the true owners thereof, and before any paving was done, appellants executed and delivered to appellee a mechanic's lien contract, giving and granting an express lien on said abutting property to secure the $1,063.76 paving debt, which was payable in six equal installments, with 8 per cent. interest, and due on or before thirty days, one, two, three, four, and five years after the completion and acceptance of the street improvements by the city in accordance with its contract with appellee. The mechanic's lien contract provided for reasonable attorney's fees and for accelerated maturity in the event of default, and that its obligations and liens shall be collateral to and cumulative of the obligations and liens of any assessments by the city, and that the payment on one shall operate as a credit upon the other. It further provided that the acceptance of the paving or improvements by the city shall be conclusive as between the parties as to the proper construction of the improvements, and that the recitals of any matters in any certificate issued by the city evidencing the assessment for the improvements shall be prima facie proof of the matters so recited in any suit upon such certificate, or upon said mechanic's lien contract. Appellee completed the street improvements abutting appellants' property in accordance with its contract with the city and with appellants; and the same were accepted by the city. The city then issued appellee a certificate of special assessment for the improvements in the sum of $1,063.76, the amount recited in the mechanic's lien contract and the amount of the assessment levied against the property and against appellants as the true owners thereof by the city. The certificate, as did the mechanic's lien contract, provided for the payment of the paving debt or obligation in six equal installments, due on or before thirty days, one, two, three, four, and five years after the date of acceptance of the street improvements by the city, which was December 16, 1929. The certificate recited that the assessment was levied by virtue of an ordinance and other proceedings providing for payment by the true owner of the property of the pro rata costs of the improvements under a contract between the city and appellee, and that all proceedings with reference to making the improvements had been regularly had in compliance with law, the

proceedings of the city, and the terms of the certificate, and that all prerequisites to fixing the lien on the said property and claim of personal liability evidenced by the certificate had been regularly done and performed, and that said improvements had been completed by appellee and accepted by the city in compliance with the terms of the contract with appellee.

Appellants paid the first installment due on the mechanic's lien contract and certificate, but defaulted as to the remaining installments as they came due. Appellee declared all installments due and payable under the accelerated maturity clause, and sued for and recovered judgment for the balance due, with interest and reasonable attorney's fees and foreclosure of its lien.

In the trial court appellants urged and here present several defenses to the suit of appellee, as follows: (1) That there was no consideration for the execution of the mechanic's lien contract, because there was no finding by the city commission that appellants' abutting property would be benefited by the street improvements; (2) that there was no hearing by the commission on the paving proposition as to benefits and no assessment was made for the paving; (3) that one of the commissioners was interested in the improvements, in that he furnished the sand and gravel to appellee with which to pave the street, and that his voting with regard to the street improvements was influenced thereby; (4) that the property was the homestead of appellants at all times here involved.

Except as to the defense of homestead, these several defenses urged by appellants are immaterial, because they could only relate to a suit based solely upon the assessment certificate issued by the city of Littlefield, whereas appellee's suit is based upon the mechanic's lien contract executed and delivered to it by appellants.

The mechanic's lien contract was duly executed and acknowledged by appellants. It gave and granted to appellee an express lien against their said abutting property to secure the debt. It was their voluntary contract. They had the legal right to make it in consideration of the agreement of appellee to construct the paving improvements on the street abutting their said property. The right of appellants to execute the mechanic's lien contract did not depend in any manner upon any paving proceedings or assessments by the city of Littlefield, and the obligations imposed by said contract do not depend up-

on any action of the city of Littlefield, but upon appellee's compliance with the terms of the mechanic's lien contract executed by appellants. The contract between appellee and the city was referred to for the description of the character of the improvements which appellee agreed to make on the street abutting appellants' property. The mechanic's lien contract made the acceptance of the paving improvements by the city conclusive as between the parties as to the proper construction of the improvements; and the acceptance of the street improvements in accordance with appellee's contract with the city fixed the time of payment of the paving installments due under the mechanic's lien contract. By the mechanic's lien contract appellants simply promised to pay appellee the sum stipulated if it would construct on the street abutting their property the character of improvements described in the contract between the city and appellee for paving the particular street in question; the contract giving and granting an express lien on said abutting property to secure the paving debt. Manifestly it was not material under this contract as to what action the city took with reference to hearings as to benefits and assessments. The only material inquiry was whether appellee constructed the improvements in accordance with the plans and specifications and the terms of its contract with the city, and whether the improvements had been completed and accepted by the city. The evidence is undisputed that appellee had so performed and completed its contract.

■ The mechanic's lien contract was duly executed, acknowledged, and recorded within the time prescribed for fixing such lien on the property improved, and was not only a contract lien, but was also a constitutional and statutory lien on the property so improved; and the lien thus created was valid whether or not the property was the homestead of appellants. . Constitution, art. 16, § 50; R. S. 1925, art. 3839. The rule is settled that a sufficient contract for paving the street which abuts homestead property, executed in conformity with law, may not be defeated by the claim of homestead, but is regarded as a contract and lien for the improvement of the homestead. Tex. Bitulithic Co. v. Warwick (Tex. Com. App.) 293 S. W. 160; State Trust Co. v. Morrison (Tex. Com. App.) 282 S. W. 214; Creosoted Wood Block Paving Co. v. McKay (Tex. Civ. App.) 211 S. W. 822. In view of this holding, the homestead issue could only be material with regard to the portion of the judgment allowing attorney's fees, and the trial court found

upon sufficient evidence that the property in question was not the homestead of appellants at the time the improvements were made or at the time the mechanic's lien contract was executed and delivered.

■ The only evidence on the homestead issue was that of a witness who testified that appellant A. E. White conducted a laundry on some lot in block 22, which he thought was lot 2 in question, that he did not know whether appellants owned another lot in that block, and there was no testimony whatsoever that appellants claimed the lot as their homestead. There was no testimony that they did not have a residential homestead in the city of Littlefield, nor, if so, that the value of such lot or lots, together with the lot upon which the business was conducted did not exceed the value of $5,000, nor was there any testimony that appellants did not have and claim a rural homestead; in either of which events they could not lawfully claim a business homestead in the property in question. Roe v. Davis (Tex. Civ. App.) 142 S. W. 950, affirmed by Supreme Court, 106 Tex. 537, 172 S. W. 708; Cobb v. Pollins (Tex. Civ. App.) 111 S. W. 760 (error refused); Rockwell Brothers & Co. v. Hudgens (Tex. Civ. App.) 123 S. W. 185.

■ Appellants contend that the stipulation in the mechanic's lien contract to the effect that the acceptance of the improvements by the city shall be conclusive between the parties as to the proper construction of such improvements, and that all instructions and determinations of the city and its engineer or its representatives with reference to such improvements shall be binding upon the parties, and that the recitals of any matters in the certificate to be issued by the city evidencing the assessment shall be prima facie proof of the matters so recited, in any suit upon the certificate or upon the mechanic's lien contract, is void, being a limitation upon the power and jurisdiction of the courts and an effort to alter the rules of judgments and of evidence, and is therefore void.

We do not sustain the contention. The provisions of the mechanic's lien contract referred to are analogous to those in building and construction contracts, which make the certificates of architects and engineers conclusive or prima facie evidence of the completion according to plans and specifications. All such provisions have been uniformly upheld in this state, except as against fraud, accident, or mistake; and neither fraud, accident, or mistake was pleaded in this case.

Boettler v. Tendick, 73 Tex. 488, 11 S. W. 497, 5 L. R. A. 270; Kilgore v. N. W. Soc., 89 Tex. 465, 35 S. W. 145; Carnegie v. Harris, 43 Tex. Civ. App. 165, 97 S. W. 520; Southern Surety Co. v. School Dist. (Tex. Civ. App.) 10 S.W.(2d) 786; Smith v. Dozier Construction Co. (Tex. Civ. App.) 66 S.W.(2d) 744.

The remaining propositions of appellants related either to the sustaining of special exceptions to their pleadings, or to the failure of the trial court to sustain special exceptions to appellee's pleadings. Under our above decision in the case, most of these propositions become immaterial, and the remainder have been carefully examined and found to be without merit.

The judgment of the trial court will be affirmed.

Affirmed.