## MIDDLETON et ux. v. DOZIER CONST. CO.
### No. 7954.

Court of Civil Appeals of Texas. Austin.
March 14, 1934.

E. A. Bills, of Littlefield, and Robert A. Sowder, of Lubbock, for appellants.

White, Taylor & Gardner, of Austin, for appellee.

BLAIR, Justice.

■ This case is a companion case to No. 7953, A. E. White et ux. v. Dozier Construction Company, 70 S.W.(2d) 240, this day decided by this court, and is ruled by the decision in said cause No. 7953. Suffice it to say that appellee, Dozier Construction Company, sued appellants, J. J. Middleton and his wife, Winnie Middleton, to recover the balance due for paving the street abutting their property in the city of Littlefield, and to foreclose a mechanic's lien on said property securing the debt, and recovered judgment as prayed. Appellee also recovered a personal judgment against appellants for $50, which was agreed to be a reasonable attorney's fee in the instant case; but, because the property was the homestead of appellants, the mechanic's lien was correctly held not to secure the portion of the judgment allowing the attorney's fees. 22 Tex. Jur. 324, § 224, and cases there cited. The properties and paving involved were on the same street, and the improvements were made under the same contract between appellee and the city of Littlefield, and, except as to the parties, the property, and the fact that the property in the instant case was homestead, the issues in the two cases were the same, and the mechanic's lien contracts are identical, and the same proof as to the completion of the improvements and the acceptance of same by the city was made. Appellants paid the first installment due on the paving contract, and judgment was for the balance due on the paving obligation and for foreclosure of the mechanic's lien securing the debt.

■ The mechanic's lien contract was duly executed, acknowledged, and filed for record within the time prescribed for fixing such a lien on the homestead property. It was the voluntary contract of appellants, and appellants should pay for the improvements under the rule so well stated in Texas Bitulithic Co. v. Warwick (Tex. Com. App.) 293 S. W. 160, 164, which reads as follows: "If the owner of a homestead feels that he is unable to enjoy the benefits of paving in front of his property, he may, under our Texas law, refrain from executing a mechanic's lien for the improvement of his homestead in that respect. If he does not expect to pay for such improvement, he should refrain from executing any such lien. On the other hand, the paving company could have left off its

paving in front of this particular property. Such is the practice where no lien is given on the homestead."

Since the issues presented by the briefs in these two cases are in all material respects the same, the judgment in the instant case will be affirmed upon the authority of the decision in said cause No. 7953, supra.

Affirmed.