GLENN et al. v. PANHANDLE CONST. CO.

No. 4820.

Court of Civil Appeals of Texas. Amarillo.

Nov. 15, 1937.

Rehearing Denied Dec. 13, 1937.

Bean & Bean, of Lubbock, and Jno. B. Daniel, of Temple, for appellants.

Robt. A. Sowder, of Lubbock, for appellee.

STOKES, Justice.

In October, 1926, J. A. Phipps and wife, being the owners of the west one-half of lots Nos. 4 and 5, in block No. 117, Overton addition to the city of Lubbock, executed a mechanic's and builder's lien to Laverne Kershner to secure the payment of the value of labor and material to be furnished by the latter for the construction of a seven-room brick residence and other improvements on the property amounting to $6,140, evidenced by one note in the sum of $4,000 and one note in the sum of $2,140. On the 23d of May, 1928, the smaller note was released and the $4,000 note assigned to appellant, Temple Trust Company, who, on that date, took from Phipps and wife a deed of trust and a new series of notes in extension and renewal of the obligation.

On May 7, 1929, Phipps and wife executed another materialman's and mechanic's lien on the property to secure a contemplated assessment of the city of Lubbock for paving and improving Tenth street, upon which the property contained a frontage of 73.75 feet.

On the 13th of August, 1929, the governing authorities of the city of Lubbock determined to grade, drain, and pave Tenth street, and on the 15th of August, 1929, a contract was entered into by the city authorities with appellee for the street improvement. On the 23d of January, 1930, after notice and hearing of the property owners had been held by the city commission, an assignable certificate in accordance with the provisions of article 1105b, Vernon's Annotated Civil Statutes, was issued by the governing authorities against Phipps, providing for a lien against the property above described, in accordance with the statute.

This suit was filed on October 20, 1933, by appellee against the Temple Trust Company, J. A. Phipps, and others not necessary to mention, appellee seeking recovery upon the paving certificate against J. A. Phipps, and to foreclose its assessment lien against all of the defendants.

The suit was tried upon plaintiff's second amended original petition, filed December 3, 1936. Phipps filed an answer, pleading the general issue and alleging, in effect, that he had sold the property to Temple Trust Company, who had assumed the payment of the assessment, but he made no further appearance.

Temple Trust Company answered by setting up its original indebtedness and deed of trust which it claimed was a first and superior lien on the property, and that it took precedence over the paving lien because of the fact that, at the time the city ·authorities determined to pave the street and at the time the assessment was made and certificate issued, the property was the homestead of Phipps and wife and that, if appellee had a lien thereon, it was only by virtue of the materialman's and mechanic's lien executed by Phipps and wife to the city of Lubbock on May 7, 1929, which was subsequent to the execution by them of the builder's, materialman's, and mechanic's lien to Laverne Kershner which it held by assignment from Kershner and to renew and extend which its notes and deed of trust were executed.

The case was tried by the court without the intervention of a jury and judgment rendered on the 18th of December, 1936, in favor of appellee, establishing its debt on the paving certificate in the sum of $487.35 as a ·first and prior lien on the property as of August 13, 1929, and foreclosing the same against all of the defendants.

It was further decreed that, subject to the foreclosure of appellee's paving lien, Temple Trust Company should have foreclosure of its deed of trust lien on the property for the sum of $4,883.68. This judgment was granted in favor of H. C. Glenn as receiver of the Temple Trust Company, who had been substituted as a defendant after institution of the proceedings in which he was appointed receiver of its properties.

To the judgment Glenn, as receiver, duly excepted, gave notice of appeal, and has perfected his appeal to this court and presents the same upon three assignments of error, the first and second of which complain of the judgment and assign error of the court in holding that the lien of appellee was superior to that of Temple Trust Company because the uncontradicted evidence showed that the property was the residential homestead of J. A. Phipps at the time the· paving lien was created. The substance of the contention is that, by reason of the fact the property was the homestead of Phipps, the city commission could not create a valid assessment lien thereon and that, if appellee held a lien, it was by virtue of the mechanic's and

materialman's lien executed by Phipps and wife to the city of Lubbock wherein they, granted to the city a lien on the property to secure the amount of the contemplated assessment.

The law is well established in this state that an assessment lien for paving and improving the streets in front of property abutting thereon cannot be created against homestead property by the process provided by article 1105b, Vernon's Ann.Civ.St. McCusker v. Field (Tex.Civ. App.) 76 S.W.2d 816. It is likewise settled that a valid lien upon homestead property can legally be created by contract for such improvements. White v. Dozier Construction Co. (Tex.Civ.App.) 70 S.W. 2d 240. In this case, if it can be said that the homestead character of the property at the time the city authorities determined to pave Tenth street was established by pleading and proof, the trial court was without authority to foreclose the assessment lien, and, if appellee was entitled to any relief, it would have been only to foreclosure of the mechanic's and materialman's lien executed on May 7, 1929, by the homestead owners. That instrument having been executed subsequently to the builder's and contractor's lien executed in 1926 by the owners of the property to Laverne Kershner for the construction of the residence and other improvements on the property, which .lien was held by the Temple Trust Company, the materialman's lien given to the city was subject to the trust company's lien, and, in that event, the trial court was in error in establishing the paving lien as a first and superior lien on the property.

The contention of Glenn, receiver, depends, therefore, upon the question of whether or not the pleading and evidence upon the trial of the case established the fact that, at the time the city authorities determined to pave the street, the property was impressed with the homestead character. The pleading of the receiver in that respect was as follows: "At all times after the said J. A. Phipps acquired title to such property and contracted to have the improvements constructed thereon, such property was claimed and intended by the said Phipps and wife as their homestead", and: "By reason of the fact that such property was the homestead of Phipps and had been for a long time

prior thereto, the lien acquired by the Panhandle Construction Company was subordinate and inferior to the lien of Temple Trust Company on such property."

■ These allegations were not sufficient to warrant the introduction of evidence on the elements that are essential to establish the fact that the property was, under the laws of this state, the homestead of Phipps and wife. The most that can be said of them is that they informed appellee that upon the trial the receiver would prove that Phipps and wife claimed the property as their homestead, and that it was intended by them as such. These facts could have been proven and, even if they had not been controverted, the court still would not have been warranted in holding the property was actually the homestead of Phipps and wife at the time. Dunlap v. Southerlin, 63 Tex. 38; Cain v. Dickson (Tex.Civ.App.) 78 S.W.2d 1095.

■ The evidence offered upon these allegations is equally inadequate to establish the fact that the property was the homestead of Phipps and wife. J. A. Phipps, the only witness who testified in regard to this matter, testified by deposition to the effect that he had the house built on the property and that he lived in it from the time it was constructed until June 1, 1931. He said he did not remember when the house was constructed nor when he moved into it. He said that the property was his homestead from the time he purchased it in 1928 until he conveyed it to R. Y. Echols in October, 1931. There was no evidence to show when the house was built, nor when it was completed, nor when Phipps moved into it, and his testimony that it was his homestead was at most a mere conclusion. It was not shown that it was occupied by him and his family at any particular time except about June 1, 1931, when they removed from it. Obviously, this evidence is not sufficient to establish the homestead character of the property on August 13, 1929, when the governing authorities of the city determined to grade, drain, and pave the street upon which it was located. Roe v. Davis (Tex.Civ.App.) 142 S.W. 950; Mullins v. Looke, 8 Tex.Civ.App. 138, 27 S.W. 926; Steves et al. v. Whitaker et ux. (Tex.Civ. App.) 38 S.W. 1026.

■ In the judgment the trial court ignored the mechanic's and materialman's lien executed by Phipps and wife to the city on May 7, 1929, and foreclosed the assessment lien created by the city authorities against the property in the ordinance of August 13, 1929. Manifestly, this was the correct judgment unless, by the pleadings and evidence of Glenn, receiver, it was shown that the property was, at that time, the homestead of Phipps and wife, and from what we have said it follows that we are of the opinion the pleadings and evidence in this respect were wholly insufficient.

The first and second assignments of error of the appellant H. C. Glenn, receiver, are, therefore, overruled.

By its third assignment of error, appellant H. C. Glenn, receiver, assigns error because it alleges the trial court held that the lien of appellee was superior to that of the Temple Trust Company upon the theory that the trust company, as part of the consideration for the conveyance from Phipps and wife, agreed to discharge the liens against the property. We do not construe the judgment to so hold. Allegations to that effect were contained in the pleadings of appellee, and it was claimed by appellee that, by virtue of certain recitals in the deed from Phipps to Echols, Echols to Roland, and Roland to the Temple Trust Company, the latter had agreed, as part of the consideration for the conveyance, to discharge all liens and taxes existing against the property. Our interpretation of the judgment is, however, that the court ignored these allegations and, as to them, in effect, found against appellee. In this we think the trial court was correct. We construe the deeds to mean that the property was being conveyed to the various parties mentioned for the benefit of the trust company, and finally to the trust company itself, subject to whatever indebtedness may exist against it and in whatever condition it may be. There is no recital which we consider sufficient to bind the Temple Trust Company to pay the paving assessment liens or any other liens or taxes.

What we have said disposes of all of the assignments of error, and, being of the opinion that no error is shown by the record, the judgment is in all respects affirmed.