**MORAY CORPORATION, d/b/a Sawdust Construction Co. and William W. Persohn, Individually, Appellants,**

v.

**Gerry M. GRIGGS, Appellee.**

**No. 01–86–0004–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 3, 1986.
Rehearing Denied Aug. 7, 1986.

Jeffery H. Hubbard, Jeffery H. Hubbard & Assoc., Inc., Houston, for appellants.

Glenn A. Ballard, Jr., Bracewell & Patterson, Houston, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal by Moray Corporation d/b/a Sawdust Construction Company ("Sawdust Construction") and William W. Persohn, individually, from a summary judgment entered in the trial court. We affirm.

Sawdust Construction sued appellee, Gerry M. Griggs, for failure to pay for improvements constructed on appellee's home and requested foreclosure of a "Statutory and/or Constitution [sic] Mechanic's and Materialman's Lien" filed against appellee's property. Appellee filed a general denial, a counterclaim against Sawdust Construction, and a third party action against Persohn for breach of an oral contract, deceptive trade practices, and slander of title. Appellee later filed a motion for interlocutory summary judgment, requesting removal of the lien filed against his home, and attorneys fees for defending title. Judgment was granted for removal of the lien, but not for attorney's fees. The judgment for removal of the lien was then severed from the request for attorneys fees, and this appeal was filed.

In its first point of error, Sawdust Construction claims that the lien filed against appellee's property was valid because Texas does not require an unmarried owner of property to execute a contract for improvements. Appellant refers us to article 16, section 50 of the Texas Constitution and to section 53.059 of the Property Code as authority for the proposition that when a single owner contracts for improvements on his property, and a contract for the improvements exists, a lien can be imposed on the property, even though it is not signed by the owner. This is a misstatement of article 16. Article 16, section 50 states that the homestead of a family, or of a *single adult person,* is protected from forced sale because of nonpayment for improvements *unless a contract in writing for improvements is executed by the single adult.* Also, section 53.059 of the Property Code, which lists the requisites for fixing a lien on a homestead, specifically states that a written contract must be executed both by the person furnishing materials and by the owner of the homestead. The commentary note to section 53.059 states:

> The revised law is not limited to family homesteads in order to conform this section with Article 16, Section 50, of the Texas Constitution. As amended in 1973, that section requires a written contract for an enforceable lien on the homestead of a single adult person as well as a married person.

The above statutes must be strictly followed to obtain a lien against homestead property. *Collier v. Valley Bldg. and Loan Ass'n.,* 62 S.W.2d 82, 84 (Tex.1933). Here the evidence does not contain a contract executed by appellee and, in fact, shows that appellee did not execute a written contract.

Sawdust Construction's first point of error is overruled.

In its second and third points of error, Sawdust Construction claims that it has a valid mechanic's and materialman's lien because, (1) the homestead provisions do not defeat article 16, section 37 of the Texas Constitution, which provides for a mechanic's and materialman's lien without a contract, and (2) appellee failed to establish that the materials could not be removed without injury to the property.

The Texas Constitution is very clear that a construction or improvement lien on a homestead is invalid unless created in the manner provided in section 50 of article 16. That section requires that the owner execute a contract in writing with the builder. In this regard, the homestead provisions do override article 16, section 37, by requiring a written contract between the builder and the owner. *Collier v. Valley Bldg. & Loan Ass'n.,* 62 S.W.2d 82, 84 (Tex.1933);

*Melcher v. Higbee*, 165 S.W. 478, 481 (Tex. Civ.App.—Galveston 1914, no writ). As discussed in point of error one, Sawdust Construction does not have a lien on the property, because appellee never executed a contract with the company. We, therefore, overrule the second point of error.

Sawdust Construction's third point of error is also without merit because removal of materials used in improvements to the property is a remedy only when the builder has a lien on the property. *Exchange Savings and Loan Association v. Monocrete Pty. Ltd.*, 629 S.W.2d 34, 36 (Tex.1982). Since Sawdust Construction has no lien, it cannot remove any materials from the property.

Point of error three is overruled.

Finally, in points of error numbers four and five, appellant Persohn claims that there is no evidence that he committed any acts in his individual capacity and, therefore, that he cannot be held individually liable. Appellee responds that Persohn cannot raise this complaint on appeal because he did not raise it in the trial court.

We have reviewed the judgment entered by the trial court and find no language holding Persohn individually liable. The "order" paragraph of the judgment merely declares that the lien is invalid and of no force and effect.

Having found no personal liability in Persohn, we overrule his fourth and fifth points of error, and affirm the judgment entered below.